Hitchcock, J.
The first error assigned in this case is, that the court of common pleas refused to nonsuit the plaintiffs. This bill of exceptions shows that the plaintiff in error, by barbarous and 368] cruel treatment, drove his wife from her home, ^thrusting her upon the world to take care of herself, and rendering it unsafe for her to reside with her own family. The husband is bound-to provide his wife with necessaries during coverture, and if he refused to do it, and she contracts debts for such necessaries, even during cohabitation, he is ‘obliged to pay those debts; but for anything beyond necessaries he is not chargeable. 2 Kent Com. 146. And if he turn her out of doors, or if she receive such treatment from him as renders it unsafe for her to cohabit with him, he will be bound by her contracts for necessaries suitable to her condition and standing in life. And although he may have given notice that he will not be answerable .for debts of her contracting, and this notice is brought home to the knowledge of the individual furnishing her with necessaries, he will still be liable. 2 Kent Com. 148; 11 Johns. 281; 1 Esp. 441. Such is the law as it respects individuals. And, in the case before the court, had the necessaries been furnished to the wife by an individual, such individual could undoubtedly have sustained an action against the husband.
But it seems to.be supposed, that where a woman is driven from her home, by her husband, without the means of subsistence, and becomes chargeable as a township pauper, the township is without redress, and that the relief furnished under the poor laws must be considered as a gratuity. Whether a township, having furnished relief to a pauper, can, at a subsequent period, recover compensation from the individual relieved, such individual having accumulated sufficient property to pay, is perhaps a doubtful question. In Massachusetts, it seems to have been held that no such recovery can be had. But the case is entirely different where a woman is driven from her home by her husband, who is abund *369 antly able to support her. There is no reason why the same rights should not accrue to a township furnishing her relief as to an individual. In the case of Hanover v. Turner, 14 Mass. 127, it was held, that the expenses incurred by a town for the relief and support of a woman whose husband is of sufficient ability to support her, *may be recovered of the husband. And such [369 we hold to be the law, and that the court of common pleas decided correctly in overruling the motion for a nonsuit.
It is next claimed that the court of common pleas erred in deciding that the plaintiffs in the court below, as officers of Whetstone township, could sustain the action. If this objection to the recovery presents a question in any shape different from that under the first error assigned, it must be in consequence of the peculiar manner in which the suit was brought. It is in the name of Chambers, Brehman, and Campbell, trustees of Whetstone township. The trustees of a township are the proper plaintiffs or defendants, in prosecuting or defending a claim for or against a township, unless express provision is otherwise made by law. It was so held in the case of Harding v. Trustees of New Haven, 3 Ohio, 227.
It is expressly provided, in the law for the relief of the poor, that suits originating under that law between townships shall be prosecuted and defended by the trustees. In the case before us the suit was properly commenced by the trustees of the township. It was not necessary that the individuals then constituting the board of trustees should be named, but the fact that they were named could not affect the proceedings.
Again, it is assigned for error that the court of common pleas decided that the plaintiffs in the court below could recover under the pleadings iri the case. The declaration was in assumpsit, containing the common counts, for meat, drink, washing, lodging, and other necessaries furnished the defendant’s wife, for goods sold, for work and labor done, and for money paid to the defendant’s use. This was the proper form of action, and under the declaration, the evidence set forth in the bill of exceptions was properly received. The township had paid money for the sustenance of the defendant’s wife, and also for medical attendance furnished her. It was the legal and moral duty of the defendant to have paid this money, and being paid as it was by the township, it was paid to his use.
*370, 371 370] The next objection is, that the court of common pleas ♦refused to instruct the jury, that if, after the separation of the said Joanna from her husband, she was detected in bed with a notoriously lewd man, although the detection was before any act of adultery committed, it would be sufficient evidence of lewdness to exonerate her husband from her support.
If a wife elopes from her husband and lives with another man in a state of adultery, the husband is not bound to support her. Nor is he if she leave him without cause, so long as she remains absent from him. And even when by his cruelty, he has driven her from her home, if she subsequently cohabits with another in a state of adultery, he will no longer be bound for her maintenance. But the fact of guilt in this respect, in the ease under consideration, as it will be in every similar case, was a fact to be ascertained by the jury. The evidence exhibited conducing to prove this fact, was proper for the consideration of the jury, and the court could not with propriety have expressed an opinion as to the effect of that evidence.
But what was this evidence, which was claimed by the plaintiff in error to evince lewdness, for it is not pretended that there was any actual adultery ? If there had been any, this jealous husband would not have failed to prove it. Here was a woman more than sixty years of age, who had been driven from her home by the savage barbarity of her husband some sixteen or eighteen years previous. She retired to her bed, and after she had thus retired, a base man went to the same bed, and continued there a space of time less than three minutes. Whether this was with or without her consent does not appear. But it is right to presume that it was without her consent. For had it been otherwise, the fact would undoubtedly have appeared upon the bill of exceptions. But this is not all. The same individual at a subsequent period, while this aged woman was sitting by the fire in company with her children, put his arm upon the top of the chair in which she was sitting. And these circumstances are relied upon by the barbarous husband as being sufficient to exonerate him from the support of his much abused wife. The court of common pleas correctly refused so to instruct the jury.
371] *Again, the plaintiff in error complains that the court erred in the instructions actually given to the jury.
*372 These instructions were, that it was necessary for the defendant in the court below, in order to exonerate himself from the legal liability of supporting his wife, on account of her lewd conduct, to prove that she had been guilty of adultery, but that it would be sufficient to prove a single act of adultery.
Of these instructions, the plaintiff in error has no just cause of complaint. They are, to say the least, as favorable to him as he had any right to require, more reasonable than he had any right to expect.
The judgment of the court of common pleas is affirmed, with costs. Judgment affirmed.