Scribner, J.
This is a petition in error, by which the plaintiff in error' seeks to reverse the judgment of the court of common pleas in a case brought in that court for divorce, the court of' common pleas, upon the showing made in the record, having refused to proceed with the consideration of the case.
It appears by the record that the plaintiff filed . her petition for divorce, setting out the marriage of the parties in the year 1879, and that while the plaintiff in error was conducting herself in a proper and dutiful manner, the defendant had been guilty of extreme cruelty towards her; and setting out also that there were four children born of the-marriage still living, which she was compelled to maintain and support. She also alleges gross negligence on the part of the husband. Then she makes this averment:
“Said plaintiff further says that said defendant is now, and has been, since September, 1891, an inmate of the Toledo asylum for the insane, Wherefore said plaintiff asks *303 that a guardian ad Mem for said defendant may be appointed, and that, on the final hearing hereof, she may be adjudged to be divorced from said defendant,- and to have: the care, custody and control of said minor children.”
It appears from the record that a summons was issued, upon this petition for divorce in due form, and delivered to-the sheriff, who made return that he ‘‘received this writ on June 1st, 1895, and pursuant to its command summoned on the 5th day of June, 1895, the within named defendant Thomas Clowry.” The record of the proceedings in the case contains the following transcript from the journal off the court:
‘‘Margaret E. Clowry v. Thomas Clowry. Cn the 2d day of April, A. D., 1895, among other proceedings had by- and before said court on the 1st day of July, A. D. 1895, being the 77th day of said term, as appears by its journal of that day, were the following, viz: This day came the-plaintiff by her attorney and made application to the court for the appointment of a guardian ad liieni for the defendant,, who is insane; the court, on consideration thereof, overruled the said motion, and said petition is dismissed at plaintiff’s costs, for the reason that it shows the defendant to be now insane. To which ruling and order of the court plaintiff' excepts.”
The plaintiff filed her petition.in error, and assigned as-grounds of error:
‘‘1. Said court erred in rendering judgment dismissing-the petition of said plaintiff, because and on the ground that. the defendant was then an insane person,, and as such said-' action could not lie against him.
‘‘2. Said court erred in overruling the motion of said' plaintiff for the appointment of a guardian ad litem of said' defendant, an insane person; and for other errors apparént' of record. ”
Upon the matter so assigned, appearing u-pon the-record, the plaintiff asks 1 His court to reverse the judgment of the: . court of common pleas, and remand the. case for further, proceedings in the divorce case.
*304 The question presented upon this record is, first, whether or not this court has jurisdiction to consider the action of the court of common pleas in dismissing the petition for divorce, and whether by a proceeding in error this court •may review and revise the action of the court of common ■pleas; in the second place, whether or not the court of common pleas had any jurisdiction and power to proceed in a divorce proceeding against an insane person.
It might be said that the court of common pleas was perhaps a little bit hast}'- in declaring as it did in the order of dismissal that it appeared by the record in the case that the husband was insane. The court declares in its entry in dismissing the petition that it overruled the motion for the appointment of a guardian, and that the petition “is dismissed ■at plaintiff’s costs, for the reason that it shows the defendant to be now insane. ” If we1 go to the petition of the plaintiff in the case, we find the allegation to be this, and ■the only allegation upon the subject, as I now remember: “Plaintiff further says that said defendant is now, and has been since September, 1.891, an inmate.of the Toledo asylum for the insane.” Well, if we are to take it for granted, if we are to assume, that every person who is an inmate of :the Toledo asylum for the insane is insane, there might be ■cause for divorcing a good many individuals, perhaps, who might be found domiciled there. It is not an allegation ■that the defendant is insane, but nevertheless]jit was. undoubtedly meant for that. But proceeding upon the assumption that it is equivalent to an allegation that] the] defend•ant is insane, and as such is confined in an insane asylum, how stands the case.
In the first place, insanity is not a ground of divorce ■under the statutes of Ohio. Sec. 5689 provides for what causes the court of common pleas may grant a divorce, and we do not find the insanity of either party provided as one ■of the grounds for divorce — that the insanity of either the *305 husband or of the wife shall entitle either of the parties to the-marriage relation to divorce. And, with perhaps one exception, the only causes for which divorce may be granted, are enumerated in that statute. There is this held by the supreme court of Ohio in Waymire, guardian, v. Jetmore et al., 22 Ohio St., 271: that the court of common pleas, in the exercise of its chancery powers, may declare a pretended marriage null and void upon grounds which touch, the capacity of the parties to enter into the contract; but no such power may be exercised by the court of common pleas under its chancery or equity powers, by way of annulling a marriage or divorcing the parties who have already entered into a valid contract of marriage. The court state, here in the syllabus of this case:
”1 The marriage contract of one affected with congenital imbecility of mind to a degree rendering him incapable of consent, is void ab initio.
”2. A court of chancery, in the exercise of its ordinary powers, will entertain jurisdiction, at the suit of the imbecile’s guardian, to declare such marriage a nullity.”
Not to avoid a marriage, and divorce the parties, but to-determine and adjudge that a ceremony purported and intended -to be a marriage contract was not a marriage contract, because the parties did not possess the mental capacity to enter into such a contract. And the same doctrine was-held by the district court of Hamilton county in the case of Meyer v. Meyer, in 4 Bul., 368, where the court, passing upon a question of like character, reached the same conclusion: that it was competent for a court of equity to determine whether or not parties were competent to enter into the marriage relation, and whether what purported to be a marriage contract was in fact such a contract; and if the-parties did not possess sufficient mental capacity to enter into the marriage relation, to declare or adjudge what purported to be a marriage contract between them to be void.
*306 In this proceeding there is no power conferred by statute,•as we understand it, upon the court of common pleas, to ,pronounce a decree of divorce upon the ground that one of ■th£ parties has become insane since the marriage contract was entered into; and in addition to that, it seems to us -that where it appears, if it do appear in a divorce proceeding, that one of the parties to the proceeding, especially the defendant, is insane, that the power and authority of the • court to adjudge a divorce is entirely gone. No such power iis possessed or may be exercised by the court of common pleas, under its jurisdiction conferred by the statute to .grant a divorce. It would be an assumption of jurisdiction -and authority upon the part of the court, in such a case as that, to proceed.
We do not find any method in the statute for protecting rnn insane party proceeded against in a proceeding for divorce. We find in the general statutes — section 5000 and following — - that a guardian may be appointed in ordinary proceedings •or actions at law instituted in the courts of common pleas, to protect the interests of an insane person who is proceeded against in that court; but no such provision is made in respect to an insane person who is proceeded against for a divorce.
Another thing: this proceeding is brought before us up-en petition in errr. We doubt very much whether such proceeding as this may be brought into the circuit court upon error. It is a proceeding for divorce. There is no appeal allowed in proceedings for divorce. There may be an appeal taken where a proceeding for alimony is carried on, but not where there is a proceeding for a divorce. A proceeding in error is in the nature of an appeal proceeding, -although it is not by the usual method of appeal, by bond «taken, which vacates the judgment of the court below.
We find collected in a note some few of the decisions of *307 H;he supreme court bearing upon this subject of appeal, to which I shall call attention. Section 5706 of the code as it now stands, provides:
“No appeal shall'be allowed from any judgment or order of the court of common pleas under this chapter, except from an order dismissing the petition without final hearing, or from a final order or judgment granting or refusing alimony, or in cases under sec. 5705; when judgment is rendered for both divorce and alimony, the appeal shall apply only to so much of the judgment as relates to the alimony; and when an appeal is taken by the wife, she shall not be required to give Dond.”
In a note added here by the editor, it is said, “Appeal lies in cases of divorce if the petition is dismissed without • hearing. 4 Bulletin.” And that is the case to which I have referred. It did not lie in 1846,15 Ohio; nor in 1856,6 Ohio St., 64; nor in 1859, 10 Ohio St., 369. In the case in 6 Ohio St. — pp. 64 and 65 — we find it said in the syllabus:
“The district court has no jurisdiction to review, on petition in error, the proceedings of the court of common pleas, in cases of divorce and alimony. The decree of the ■court of common pleas in such a ease, is not, by the law of this state, subject to judicial revision. ”'
Now, here the question arises as to how far, under the •statute permitting appeals, the words “Petition is dismissed without final hearing” applies. There was no final hearing here upon the merits of the controversy. That is true enough; but the court adjudged that because the defendant was insane there could be no divorce, and for that reason dismissed the petition. That is in substance the result of the ruling of the court. That was equivalent to a. 'holding by the court of common pleas'that there could be no divorce where there was insanity of the defendant in the proceeding, because that is the ground upon which the petition for divorce is dismissed — 'because it so appears by the ■ application of the plaintiff that the defendant is insane. *308 And because the defendant is insane, there can be no decree for divorce in the case. So that there is, in one sense-of the term, strickiy, a decree upon final hearing, though not upon final hearing of the ground” alleged for divorce, but on the final hearing.of the merits of the case; becaúse the judgment of the courHiere is, that upon the facts stated in the petition of the plaintiff, there can be no divorce decreed in the case, and the petition must be dismissed.
The question is a very interesting one; but it occurs - to us, upon the facts disclosed in this record, that the action of the court of common pleas cannot be reviewed here by this court — we cannot undertake to determine whether or not the court-of common pleas erred, because we cannot entertain jurisdiction of this petition in error, to pass upon the case.
The petition in error must therefore be dismissed, and' it is so ordered.