## N. J. W. WORTHAM V. JUDSON BOYD.

(Case No. 5530.)

1. LIS PENDENS PURCHASER—HOW AFFECTED—One who purchases land pending a suit in which the title to the land, or a lien upon it, is involved, does so subject to the final judgment in the cause, whether he be made a party to the suit or not. But his title is not affected unless the suit terminates adversely to his vendor. (2 Pom. Eq., sec. 634.)

2. SAME—If dismissed or abandoned, no subsequent suit founded upon the same cause of action, much less one seeking a different remedy for different reasons against the same land, can interfere with the purchaser's title, unless he be made a party thereto.

3. SAME—AMENDMENT—The abandonment of one cause of action and the adoption of a new one, by amendment, is, in effect, the dismissal of the former suit and the commencement of a new one, and all parties interested, not already before the court, must be served in order to be bound by the newly sought decree.   All defences accruing down to the date of the amendment may be pleaded in bar of the action.

4. SAME—It has been held that a plaintiff cannot set up a new equity so as to affect a purchaser who bought previous to the filing of the amendment in which it is asserted, though the prayer for relief be not changed. (Stone v. Connelly, 1 Met. [Ky.], 654.)   Much less will the amendment affect such a purchaser if the equity be different and contradictory of the original bill, and the relief be of a different character.

5. IMPROVEMENTS—GOOD FAITH—Good faith is more or less a question of fact, and depends upon the circumstances of the particular case in which it is asserted. See opinion.

6. VENDOR'S LIEN—FORECLOSURE—PARTIES—A creditor alleged in her petition that her debtor had fraudulently conveyed a tract of land to K.; that K. sold to H., retaining a vendor's lien; and prayed that the vendor's lien retained by K. be foreclosed for her benefit. Before this remedy was sought, H. conveyed to W., who was a purchaser for value without notice.   *Held:*

(1) Where neither party has the legal title, the purchaser from the vendee is a necessary party to a suit to foreclose a lien for the purchase money.

(2) W. could not be affected by a judgment in favor of the creditor unless she was made a party to the suit.

APPEAL from McLennan.   Tried below before the Hon. B. W. Rimes.

On March 9, 1877, Mary A. Blocker filed her original petition in a certain suit against D. W. King and Isaac Ham, claiming to be a creditor of Marshall King at the time the latter fraudulently conveyed to D. W. King, his son, four hundred and eighty acres of land, of which the one hundred acres herein sued for was part; that such conveyance was fraudulent and void; that Isaac Ham bought the one hundred acres with notice of the fraud, and prayed to have both sales cancelled and all the land subjected to her debt against Marshall King.

VOL. LXVI—26.

At the May term, 1879, Ham answered that he had bought the one hundred acres in good faith, and had paid all but $50.00 of the purchase money before finding out that the conveyance from Marshall to D. W. King was fraudulent, and prayed that he be protected in his purchase, and offered to pay the balance of the purchase money to whomsoever the court should decree.

On November 10, 1879, Mary A. Blocker filed her first supplemental petition in reply to Ham's answer, in which the truth of its averments was admitted, and prayed that the vendor's lien retained in the deed from D. W. King to Isaac Ham be foreclosed for her benefit as to any balance due on the purchase money thereon.

On May 31, 1882, judgment was rendered in that cause for plaintiff, annulling the deed from M. to D. W. King, adjudicating Ham to have been a purchaser in good faith as to the purchase money paid, foreclosing the vendor's lien retained in the face of the deed to him for the balance of the purchase money, and interest then due by him ($79.40), and ordering that the land so purchased by him be sold to pay the same, and the same be paid over to plaintiff. An order of sale was issued in this judgment, and the land sold by the sheriff and bought in by M. A. Blocker, on September 12, 1882, and conveyed by her to appellee, November 23, 1882, for $350 cash.

On October 7, 1878, Ella Wortham bought the one hundred acres from Ham, through his attorney, E. W. Black, and on April 23, 1880, she and her husband conveyed to appellant. This suit was instituted by appellant against appellee in the district court of McLennan county for the recovery of the one hundred acres of land bought by M. A. Blocker at the sheriff's sale. Defendant pleaded general denial and not guilty, and claimed improvements made in good faith. The case was submitted to the court on December 22, 1884, and judgment rendered for defendant.

*W. M. Sleeper* and *Eugene Williams*, for appellant, on *lis pendens*, cited: Martim *v.* Compress Company, 4 Tex. Law Rev., 45, July 22, 1884: King *v.* Goodson, 42 Tex., 152; Hewett *v.* Thomas, 37 Tex., 520; Hopkins *v.* Wright, 17 Tex., 30; Williams *v.* Randon, 10 Tex., 74; Erskine *v.* Williams, 20 Tex., 77.

On parties, they cited: Black *v.* Black, 5 Tex. Law Rev., 20; Davis *v.* Rankin, 50 Tex., 279; Preston *v.* Breedlove, 45 Tex., 47; Ransell *v.* Kirkbride, 4 Tex. Law Rev., 329; Peters *v.* Clements, 46 Tex., 125; Elliott *v.* Blanc, 54 Tex., 216; Byler *v.* Johnson, 45 Tex., 509; Caster *v.* Attoway, 46 Tex., 108.

*Surratt & Taylor*, for appellees, cited: R. S., Art. 1195; Porterfield *v.* Taylor, 60 Tex., 266; Ralleigh *v.* Cook, 60 Tex., 442; Lee *v.* Boutwell, 44 Tex., 151, 154; W. U. Tel. Co. *v.* Brown, 5 Tex. Law Rev., 58; Ufford *v.* Wells, 52 Tex., 620; Robinson *v.* Black, 56 Tex., 215; Ransell *v.* Kirkbride, 4 Tex. Law Rev., 329.

WILLIE, CHIEF JUSTICE.—The object of the suit as it was originally brought by Mrs. Mary A. Blocker against King and Ham was to set aside an alleged fraudulent sale of land made by Marshall to D. W. King, and to subject the land to a debt due by the former to the plaintiff in that action. D. W. King having previous to the commencement of the suit sold a part of the land to Ham, the latter was necessarily made a party defendant in order to divest the title acquired by him. For this purpose it was alleged that Ham bought the one hundred acres conveyed to him by D. W. King with knowledge that the conveyance from Marshall to D. W. King was made in fraud of the former's creditors, and prayer was made that both conveyances be cancelled, and the whole land subjected to Mrs. Blocker's debt against Marshall King. The suit was in effect one to annul conveyances made in fraud of the plaintiff's rights, and to declare the land conveyed to be subject to a debt due her from the original fraudulent vendor. Upon Ham's notice of the fraud the whole case was rested, so far as he was concerned, and to this case Ham's answer was a complete defense. He denied all knowledge of the fraud, and alleged that he was an innocent purchaser, and had paid most of the purchase money before the suit was brought. If the proof sustained Ham's allegations the plaintiffs' case necessarily failed, and Ham's title to the land was valid. The plaintiff's case did fail by her own confession, for she admitted the truth of Ham's defense, and declined to attack his conveyance. She, in her pleadings, admitted facts which validated Ham's deed, set up different grounds of action against him, and founded upon them a prayer for a different judgment. In her original petition she said Ham had notice of King's fraud, his deed was therefore void, gave him no title and must be cancelled. In her amended petition she said "Ham had no notice of the fraud, his deed is valid and his title to the land good, my original allegations were not true and I now ask that the deed be confirmed and that I have judgment for the unpaid purchase money due by him on the land." It is a general principle of equity that one who purchases pending a suit in which the title to land, or a lien upon it is involved, does so subject to the final judgment in the cause, his title must abide the result of the suit, whether he be made a party or not. It shares the fate which would

have befallen the title had it remained in his vendor. But the title of the *lis pendens* purchaser is not affected, unless the suit is brought to a successful termination as against his vendor. 2 Pom. Eq., sec. 634. Should it be ended by a dismissal, or abandonment by the adverse party the rights of the purchaser remain as if the suit had never been commenced. No subsequent suit founded upon the same cause of action, much less one which seeks a different remedy for different reasons against the same land, can interfere with his title or bind it by the judgment rendered in the cause, unless he is made a party thereto. But the abandonment of one cause of action and the adoption of a new one, by amendment, is, in effect, the dismissal of the former suit and the commencement of a new one upon a different cause of action. Hence the necessity for making all persons, whose interests are to be affected by a judgment upon the amended pleadings, parties to the suit. If they were already parties and had appeared and answered, and were, therefore, before the court, they would be bound to take notice of the amendment without any additional service upon them; if not, such service would be necessary to bind them by the newly sought decree. In our decisions such an amendment is always treated as a new suit, and all defenses accruing down to the date of the amendment may be pleaded in bar of the action, and the costs of the old suit are charged to the plaintiff.

Hence a party who buys the property in controversy during the progress of the suit under the original pleading, is a *lis pendens* purchaser only as to the controversy created by them. As to the new controversy between the parties, he has purchased before suit brought, and cannot be affected by any judgment rendered therein, unless made a party to the cause. It is the policy of the law to prevent alienations of property in litigation which place it beyond the reach of the successful party, and compel him to submit to another suit for its recovery; but it is also the policy of the law that no unfounded demand shall tie up property in the hands of a party to a suit until his adversary can reach it by a claim to mature or be procured in the future, or one which he held, but would not assert, at the commencement of the suit. Purchasers *lite pendente* must take notice of everything averred in the pleadings pertinent to the issue or to the relief sought. Center *v.* Bank, 22 Ala., 757. Of what may appear upon a different state of pleading, when different matters requiring a different judgment are subsequently alleged, or parties seeking relief upon other titles, and state of facts are subsequently introduced, they are not chargeable with notice. A new equity set up in an amended bill creates a new *lis pendens*, dating from the filing of the amendment. Freeman on Judg., sec. 199; and

*lis pendens*, is not notice of every equity which may possibly arise out of the matters in question in the suit. Shallcross *v.* Dixon, T. L. J. Ch. N. S., 180.

It has been held that a plaintiff cannot set up a new equity so as to affect a purchaser who bought previous to the filing of the amendment in which it is alleged, though the prayer for relief be not changed. Stone *v.* Connelly, 1 Metc., (Ky.) 653. Much less will the amendment affect such a purchaser, if the equity be different and contradictory of the original bill, and the relief be of a wholly different character. A bill cannot be thus amended so as to relate back to the time of filing the original bill, so far as the pendency of the suit can affect others than the parties to the suit, but the cause is considered as pendent only from the time of the amendment. Mitf., P. C., 400.

Mrs. Wortham having bought pending the suit for a cancellation of the deed to Ham, was chargeable with notice that if the plaintiff obtained the relief she sought, upon the grounds set forth in her petition, her title would be divested by the judgment against Ham; she was not chargeable with notice that the plaintiff might withdraw these allegations, and substitute others of a wholly different and opposite character and seek to procure a sale of the land for a lien not claimed in his original petition, and which would not have existed had that petition correctly stated the facts of the case. No lien not asserted in the original petition could be set up by amendment so as to affect her right in the land without making her a party to the suit. The sale under the judgment, therefore, did not divest her title, nor vest any in the purchaser at the sale, and her vendee, the appellee, had none upon which he could recover in this action.

The court below erred in rendering judgment for the appellee, and that judgment is reversed and will be here rendered for the appellant for the land in controversy and costs of this court and the court below.

REVERSED AND RENDERED.

[Opinion delivered May 11, 1886.]

---

ON REHEARING.

WILLIE, CHIEF JUSTICE.—In rendering our decision in this cause we failed to pass upon the right of the appellee to recover the value of the improvements claimed to have been made by him in good faith upon the land in controversy. It seems that at the time the appellant

purchased the land there were some improvements upon it, but these he removed at some time prior to the sale of the land under foreclosure proceedings. After the appellant deserted the land, the appellee moved upon it, and commenced improving it, and was induced to do so by the conduct of the appellant in apparently abandoning all claim to the premises. The appellee was not aware that the appellant intended to reassert any claim to the property until the former had made considerable progress in improving it. The appellee, too, took the advice of counsel before attempting to place any improvements upon the premises. We think that these circumstances are sufficient to show good faith on the part of Boyd, and ignorance that the appellant intended to set up any adverse claim to the land; and if he was led into improving the property of another, it was not through any default on his part in informing himself as to the right and intentions of the adverse claimant, but he was deceived by the conduct of the latter, and led to make improvements upon the premises which he would not otherwise have placed there. Good faith is more or less a question of fact, and depends upon the circumstances of the particular case in which it is asserted.

We think the circumstances detailed were sufficient to constitute the appellant a possessor in good faith, and he is entitled to recover the value of the improvements placed by him upon the land in controversy. But we have not before us the data upon which to render the judgment required by our statute in case of a claim for improvements by a possessor in good faith. The value of the improvements is shown as also the value of the land; but the rental value of the land without the improvements is not shown. The statute requires that this should be ascertained before the rights of the parties can be adjusted. Instead, therefore, of rendering the judgment here, the cause will be remanded with the instructions to the court below to render judgment in favor of the appellant for the property in controversy and costs of suit; and further, that it hear proof as to the value of the improvements, and of the land without them, and also of the rental value of the land without the improvements, and render judgment as directed by our Revised Statutes, Art. 4814 to 4820 inclusive.

As to the other point, it is sufficient to say that the case of a vendor holding the legal title and suing to foreclose his lien for the purchase money under an executory contract, is very different from the one presented by this record. Here the owner of the legal title did not sue to foreclose the lien, but a stranger to the legal title, who claimed a subrogation to the rights of the vendor, sought to subject the land to his equity. He had not the superior title, and could not have recovered

the land in a suit for that purpose. When neither party has legal title, the purchaser from the vendee is a necessary party to a suit to foreclose a lien for the purchase money. The cases cited by counsel for the appellee are not in point to the present, but the reasoning of the court in making the decisions clearly shows the necessity that there was of making Mrs. Wortham a party before her rights could be affected by the judgment in favor of Mrs. Blocker.

The judgment of the court below is reversed and the cause will be remanded only for the purpose of such action being taken in the court below as hereinbefore directed.

REVERSED AND REMANDED.

[Opinion delivered June 4 1886.]