[Civil No. 1126. Filed April 2, 1910.]

[108 Pac. 491.]

T. R. BRANDT, Defendant and Appellant, v. M. D. SCRIB-NER and EMILY C. SCRIBNER, His Wife, Defendants and Appellees.

LIS PENDENS — CONSTRUCTIVE NOTICE — AMENDMENT OF PLEADING.—
Under Civil Code of 1901, paragraph 1318, providing for the filing of a *lis pendens,* and that from the time of filing such notice a purchaser or encumbrancer of the property affected thereby shall be held to have constructive notice of the pendency and claims therein made, makes the recording of the *lis pendens* constructive notice of all that is claimed in the action, regardless of whether such claims are sufficiently pleaded; and hence a *lis pendens* filed in a partition suit dates from the complaint, though it is thereafter amended so as to include the necessary allegation of the value of the property.

APPEAL from a judgment of the District Court of the Fourth Judicial District, in and for Maricopa County. Edward Kent, Judge. Affirmed.

This is an action brought by the appellees against the appellant to quiet title to an undivided two-thirds interest in certain real property situate in the city of Tombstone, the appellees basing their title upon a decree of partition and sale of said property in a suit wherein appellees were plaintiffs and W. K. Meade defendant, and upon a deed from a commissioner appointed by the court to make such sale. Plaintiffs, in the partition suit, on the same day on which they filed their complaint, filed a notice of lis pendens, which was substantially in the form provided by the statute. A demurrer was interposed to the complaint, but no ruling was made upon the demurrer until the case was called for trial, when it was sustained with leave to forthwith amend by inserting an allegation required by statute, namely, "an allegation of the estimated value of the property in question," which was thereupon made by interlineation. Appellant claims title to an undivided two-thirds interest in the property under a sheriff's deed made in pursuance of a decree foreclosing a mortgage upon such interest, the mortgage having been taken by appellant from W. K. Meade, the defendant in the partition suit, between the date on which the complaint and notice of lis pendens were filed and the date of the amendment of the complaint.

Pickett & Bowman, for Appellant.

There is no lis pendens where the original complaint does not state a cause of action, and that until there is an amended complaint filed that does state a cause of action there can be no lis pendens, and then the lis pendens dates only from the filing of the amended complaint. Simons v. Vanderveer, 155 N. Y. 377, 63 Am. St. Rep. 683, 49 N. E. 1043. "We hold that an action brought and a lis pendens filed did not justify the rejection of the title by the vendee, when the complaint failed to state a cause of action." Aldrich v. Bailey, 132 N. Y. 85, 30 N. E. 264. In order that a lis pendens may be operative and binding upon a third party as notice, there must be a suit pending, and the pleadings in such suit must state a cause of action and be such pleading that a decree or judgment could be entered in the case; otherwise there can be no lis pendens in the case. Dovey's Appeal, 97 Pa.

161; Anderson's Law Dictionary, 633; *Wortham* v. *Boyd,* 66 Tex. 401, 1 S. W. 109; *Cornell Univ.* v. *Parkinson,* 59 Kan. 365, 53 Pac. 138; Bennett on Lis Pendens, 98, 160, 161, 204, 205. Where on reversal of a cause there is no matter of fact to be ascertained or damages assessed, and the matter to be decreed is certain, judgment will be rendered by the appellate court. *Walton* v. *McKinney,* 12 Ariz. 207, 94 Pac. 1122.

W. P. Miller and Ben Goodrich, for Appellees.

A suit is commenced when the complaint is filed in the office of the clerk of the court, and where the jurisdiction has once attached, it is pending until its final determination. Ariz. Rev. Stats. 1901, par. 1271; *Hyde* v. *Heaton,* 43 Wash. 433, 86 Pac. 666. "The fact that a demurrer has been sustained to a complaint does not render the action one no longer pending. Where upon such a rule leave is given to file an amended complaint within a designated time and the time has not expired, the action is still pending in the court that sustained the demurrer, although no amended complaint has been filed." *In re Joutsen,* 154 Cal. 543, 98 Pac. 391. "The object of the notice is to give the opportunity of defense to anyone acquiring subsequent rights. Another object of the statute was to give notice in this way of litigation that third parties might not purchase except advisedly." *McNamara* v. *Oakland B. & L. Assn.,* 132 Cal. 249, 64 Pac. 277.

DOE, J.—The only question presented by this appeal is whether appellant was bound by the decree in the partition suit. Counsel for appellant advance the theory that the court, by sustaining the general demurrer to the complaint in the partition suit, held that no cause of action was stated by the complaint, and that in consequence no constructive notice was imparted to him until after the amendment, at the date of which his rights under the mortgage had become fixed and determined. In most of the numerous cases holding that, where a cause of action is for the first time stated by the amendment, the doctrine of *lis pendens* only becomes applicable from the date of the amendment, it will be found that either new parties were brought in or new and independent causes of action were set up by the amendment, and the theory is adopted that the doctrine of *lis pendens* is based upon the

principle that constructive notice is imparted by the pleadings, and that, in view of the hardship sometimes worked by it upon purchasers *pendente lite* without actual notice, therefore the rule should not be enforced until a valid cause of action is disclosed by the pleadings. "The doctrine of *lis pendens,* as generally understood and applied by the courts of this country, is not based upon presumption of notice, but upon a public policy, imperatively demanded by a necessity which can be met and overcome in no other manner." It is careless "use of language which has led judges to speak of it as notice because it happens to have in some instances similar effect with notice." Freeman on Judgments, sec. 191, and authorities cited. Judge Story defines the rule as follows: "A purchase made of property actually in litigation, *pendente lite,* for a valuable consideration, and without any express or implied notice in point of fact, affects the purchaser in the same manner as if he had such notice, and he will accordingly be bound by the judgment or decree in the suit." Story's Equity Jurisprudence, sec. 405. The rule, says Chancellor Kent, "would not have existed, and have been supported for centuries, if it had not been found in great public utility." The necessity for its existence is apparent, for without it, after courts have acquired jurisdiction over and are proceeding to determine conflicting interests in the property, litigants may readily render the final decree entirely ineffectual for any purpose by aliening or encumbering their interests.

The supreme court of the United States in *Tilton* v. *Cofield,* 93 U. S. 163, 23 L. Ed. 858, held directly contrary to the view herein taken by counsel for appellant. In that case the appellants attached real property and recovered judgment which was reversed by the supreme court of the territory of Colorado. Thereafter, by leave of court, the appellants amended their declaration and affidavit in attachment, and again recovered judgment in pursuance of which the property was sold to appellees. During the pendency of the action and prior to the amendments, the appellees purchased the property and brought an action to set aside the sale, and from a decree in their favor the appellants appealed to the United States supreme court. The court says: "There is another objection to the case of the appellees which must not be over-

looked. They are not subsequent attaching creditors, nor creditors at all. They are purchasers *pendente lite.* The law is that he who intermeddles with property in litigation does it at his peril, and is as conclusively bound by the results of the litigation, whatever they may be, as if he had been a party to it from the outset. *Inloe's Lessee* v. *Harvey,* 11 Md. 524; *Salisbury* v. *Morss,* 7 Lans. (N. Y.) 362; *Harrington* v. *Slade,* 22 Barb. (N. Y). 162; 1 Story's Equity, sec. 406. The appellees voluntarily took the position they occupy. They chose to buy a large amount of property, including that in controversy, from the fugitive debtor. This was done after the latter had been seized under the writ of attachment, and while the suit in which it was issued was still pending. They took the title subject to the contingencies of the amendments that were made, and of everything else, not *coram non judice,* the court might see fit to do in the case. The attachment might be discharged, or the judgment might be larger than was then anticipated. They took the chances, and must abide the result. Having obtruded themselves upon the property attached, they insist that their purchase narrowed the rights of the plaintiffs and circumscribed the jurisdiction of the court. Such is not the law. After their purchase, the court, the parties, and the *res* stood in all respects as they stood before; and the judgment, sale, and conveyance have exactly the same effect as if the appellees and the facts upon which they rely had no existence.''

In *Cotton* v. *Dacey* (C. C.), 61 Fed. 481, the court says: "The equities of the plaintiff are such as to appeal strongly to the conscience of a chancellor, and I am clearly of the opinion that he is entitled to the relief prayed for as against Evans and those claiming to be innocent purchasers of the lands in controversy. But much stress is laid on the fact that after the sale of the lands under Evans' judgment, a demurrer was sustained to the bill filed by the plaintiff herein, with leave to amend, and that for that reason the claim of Evans is paramount and superior. If the bill in this case was sufficiently amended, after demurrer and leave to amend was given, to afford the plaintiff the relief he asks for, the amendment relates back to the institution of the suit, and neither Evans nor those holding under him can take anything by this objection or this contention.'' In *Norris* v. *Ile,* 152 Ill.

190, 43 Am. St. Rep. 233, 38 N. E. 762, the supreme court of Illinois says: "It is still further insisted by the appellant that by reason of the amended bill filed on January 17, 1870, a new *lis pendens* was created from that time, which would not affect the interests acquired by the grantee in the previous deed of 1868. There are cases where the *lis pendens* will begin with the filing of the amendment, and will not relate back to the commencement of the action so as to affect intervening rights. This, however, is only true where the amendment sets up a new equity, or where the party making the amendment brings forward a new claim, or a different and distinct ground of relief, not before asserted. Bennett on Lis Pendens, pp. 97, 160; *Tilton* v. *Cofield, supra; Bank* v. *Sherman,* 101 U. S. 403, 25 L. Ed. 866; *Stoddard* v. *Myers,* 8 Ohio, 203; *Gibbon* v. *Dougherty,* 10 Ohio St. 365; *Lumber Co.* v. *Gustin,* 54 Mich. 624, 20 N. W. 616; 1 Freeman on Judgments, sec. 199; *Bradley* v. *Luce,* 99 Ill. 234; *Stone* v. *Connelly,* 1 Met. (Ky.) 652, 71 Am. Dec. 499; *Wortham* v. *Boyd,* 66 Tex. 401, 1 S. W. 109. Purchasers *pendente lite* must take notice of everything averred in the pleadings pertinent to the issue or to the relief sought. *Center* v. *Bank,* 22 Ala. 757; *Allen* v. *Poole,* 54 Miss. 323; *Wortham* v. *Boyd, supra;* 13 Am. & Eng. Ency. of Law, p. 886." See, also, *Burt* v. *Gamble,* 98 Mich. 402, 57 N. W. 261; *McClaskey* v. *Barr* (C. C.), 48 Fed. 130; *Turner* v. *Houpt,* 53 N. J. Eq. 526, 33 Atl. 28; *Turner* v. *Babb,* 60 Mo. 342.

While the subject under consideration is regulated by statute in this territory, the condition of the law in this regard at the time of its enactment must be considered as tending to throw light upon the legislative intent. Our statute provides (paragraph 1318, chapter 6, title 17) : "In an action affecting the title to real property the plaintiff at the time of filing the complaint, or at any time thereafter, and the defendant at the time of filing his answer when affirmative relief is claimed in such answer, or at any time thereafter, may file in the office of the recorder of the county in which the property is situated, a notice of the pendency of the action or defense, or the matter constituting defendant's claim for affirmative relief, the relief demanded by the defendant, and a description of the property affected thereby. . . . From the time of filing such notice a purchaser or encumbrancer of the

property affected thereby shall be held to have constructive notice of the pendency of the action, and claims therein made.'' The decision in *Tilton* v. *Cofield, supra,* is conclusive in this jurisdiction unless inapplicable by reason of the foregoing statutory provision.

In Bennett on Lis Pendens, section 318, chapter 15, the writer says: ''That under the *lis pendens* acts the *res litigiosa* is brought into efficiency and force by the filing or recording of the notice, so that, as a rule, under these statutes, it commences with the filing or recording of the notice and its scope is governed by the terms of the notice itself.'' In construing the California statute, which is identical with ours, the supreme court of that state says: ''The new Code of Practice provides that plaintiff or defendant may file a notice of the pendency of the action with the recorder of the county in which the property is situate, and then provides that from the time of filing only shall pendency of the action be constructive notice to the purchaser or encumbrancer of the property affected thereby. In no other respect are the rules of law relating to this subject changed by the statute. A purchaser or encumbrancer of property, instead of being required to examine all the suits pending in the several courts to ascertain whether any of them relate to or affect the real estate he is negotiating about, has now only to examine the notice of *lis pendens* filed in the recorder's office of the county where the real estate is situate, and he is only bound by constructive notice of what may there appear.'' *Sampson* v. *Ohleyer,* 22 Cal. 210. In *Richardson* v. *White,* 18 Cal. 106, the court says: ''The qualification of the doctrine made by the statute is such that a purchaser is not affected unless notice of such *lis pendens* be filed with the recorder. The common-law doctrine of *lis pendens* rests upon the fiction of notice to all persons of the pendency of suits, and to remedy the evils which might grow out of the transfer of apparent legal titles or rights of action to persons ignorant of litigation respecting them this provision was inserted in our statute. If no *lis pendens* be filed, the party acquiring an interest or claim *pendente lite* stands wholly unaffected by the suit. The object of the statute evidently was to add to the common-law rule a single term, to wit, to require for constructive notice, not only a suit, but filing a notice of it, so that this rule is

as if it read: The commencement of a suit and the filing of notice of it are constructive notice to all the world of the action, and purchasers or assignees, afterward becoming such, are mere volunteers and bound by the judgment.'' In *McNamara* v. *Oakland B. & L. Assn.*, 132 Cal. 249, 64 Pac. 278, the court says: "The object of the notice is to give the opportunity of defense to anyone acquiring subsequent rights. Another object of the statute was to give notice in this way of litigation, that third persons might not purchase except advisedly.''

The statute is obviously intended to make the recording of the *lis pendens* constructive notice of all that is claimed in the action regardless of whether such claims are sufficiently plead, in so far as their nature and extent are disclosed by the pleadings, and is in entire accord with and in furtherance of the doctrine declared in *Tilton* v. *Cofield, supra;* its only effect being to mitigate the harshness of the rule in its application to purchasers and encumbrancers *pendente lite* by affording increased facilities to them for acquiring the information necessary to their protection.

For the foregoing reasons, the judgment is affirmed.

CAMPBELL and LEWIS, JJ., concur.  DOAN, J., not sitting.