SMYTHE v. WESTERN FIRE ASSUR. CO.
OF TORONTO, CANADA, et al.
(No. 8080.)

Court of Civil Appeals of Texas. San Antonio. Feb. 6, 1929.

Rehearing Denied March 20, 1929.

Chas. M. Cocke, of Dallas, for appellant.

McCormick, Bromberg, Leftwich & Carrington, of Dallas, Groce & Groce, of Wax-

ahachie, and W. C. Gowan, of Dallas, for appellees.

FLY, C. J. This suit was brought by appellant and the Southern Curing Plant of Waxahachie, against the Western Fire Assurance Company of Toronto, Canada, and the Guaranty State Bank & Trust Company of Waxahachie, to recover on a policy of fire insurance issued by the insurance company to the curing plant, insuring its property against loss by fire in the sum of $1,000, which policy it was alleged had been transferred to appellant Smythe by said curing plant. It was further alleged that the property insured had been destroyed by fire. It was alleged that $429.53 was due Smythe on the policy. The insurance company admitted that it had the $429.53 and was ready to pay it to the party to whom it belonged, and interpleaded F. H. Coleman & Co., which was claiming $115.55 of the fund, and the Guaranty State Bank & Trust Company, which was claiming to own the remainder of the $429.55, namely, the sum of $313.98.

All the parties except R. G. Smythe, the bank, and the assurance company at their request, were dismissed from the suit, the trustee in bankruptcy declaring that it did not desire to prosecute its claim, and F. H. Coleman & Co. entering a disclaimer. The court rendered a judgment that the Western Assurance Company, as interpleader, pay into the registry of the court the sum of $429.53, less the sum of $90 attorney's fees incurred by it as interpleader; that out of the money paid by said assurance company costs of suit be paid and the balance remaining be paid to the Guaranty State Bank & Trust Company; and that R. G. Smythe, the trustee in bankruptcy and F. H. Coleman & Co. take nothing by their suit. R. G. Smythe alone appeals.

The statement of facts shows that the Southern Curing Plant was indebted to Smythe for the erection of a potato curing plant, and gave him a deed of trust to secure $5,500 due him, and the Western Assurance Company issued a policy of fire insurance of $1,000 on the buildings of the curing plant, the proceeds thereof payable to R. G. Smythe. The buildings were afterwards destroyed by fire, and on April 5, 1922, the curing plant assigned $313 of the proceeds of the fire policy to the Guaranty State Bank & Trust Company of Waxahachie. It was agreed that the liability of the assurance company was $833.34, and the assurance company has held since the fire the sum of $429.53, subject to the orders of the court. Smythe transferred all his right and interest in this suit to Charles M. Cocke, his attorney, about two months after this suit was instituted, on August 25, 1922. The curing plant, on April 1, 1922, assigned its rights in the fire policy to Smythe, and the assurance company had notice of the assignment. On May 11, 1922, the assurance company was notified of the assignment by the Southern Curing Plant to the Guaranty State Bank & Trust Company. The deed of trust given by the curing plant to Smythe was filed on October 5, 1921, and it provided for payment of the proceeds of the fire policy to Smythe, as his interest might appear. The latter at no time owned any interest in the curing plant. At the time of the fire, the curing plant was indebted to Smythe in the sum of $1,600, with 8 per cent. interest from December 6, 1921.

Appellant's interest in the insurance amounted to more than the amount of the policy, and under the terms of the policy he was entitled to the whole of it. A deed of trust was executed by the curing plant to appellant, who provided for the payment of the amounts of the fire policies to appellant, and on April 5, 1922, transferred all its interest in the policy herein involved to appellant; the buildings having been destroyed by fire on December 6, 1921, and the proper proofs were made and accepted by the assurance company. The whole of the insurance amounted to $6,000, $1,000 of which was carried by the Western Assurance Company. It was agreed that the sum of $5,000 would be accepted from the insurance companies; the portion for which the Western Assurance Company was held liable being $833.34. All of that sum was paid by the assurance company except $429.53, for which this suit was brought. On May 11, 1922, the Guaranty State Bank presented its claim to the assurance company, based on an assignment made to it on April 11, 1922, by the curing plant.

The facts clearly showed that appellant was entitled to the whole of the $429.53, unless the amount had been lost by him by his transfer of all his interest in the cause of action to his attorney, Charles M. Cocke, after the institution of the suit; the assignee not having intervened and set up his claim to the insurance money.

Since 1889 it has been the law that the sale of any cause of action or interest therein shall be evidenced by a written transfer signed and acknowledged by the assignor, and, when filed with the papers of the suit, shall become notice, valid and binding upon every one dealing with the case. Article 6636, Rev. Stats. 1925. Even before that statute was enacted, it had been held that, where such transfer was made pendente lite, it was not necessary that the assignee become a party to the suit. Hair v. Wood, 58 Tex. 78; Wortham v. Boyd, 66 Tex. 401, 1 S. W. 109. Since the law was enacted, it was held in Evans Co. v. Reeves, 6 Tex. Civ. App. 254, 26 S. W. 219, that, the assignees having acquired their rights after the suit was instituted, they were not necessary parties to the suit. That is the trend of all the decisions on the subject. It follows that appellant was entitled to judgment, while the transfer filed among the papers protected the rights

of the attorney. While this is true, appellant did not complain of the judgment as based on the failure to make the attorney a party to the suit after the transfer to him, although a long motion for new trial was filed, and the matter is not mentioned in the briefs in this court, although the whole basis of the judgment was the transfer of the cause of action to the attorney. Evidently the county judge thought that, as the appellant had sold his interest and could not recover, he could divide the money between the assurance company and the bank. He gave all to the bank except $90, which he gave as attorney's fees to the assurance company. The bank under the proof had no right to any of the money, and the assurance company failed to prove that it had paid any attorney's fees.

The cause was not tried with any regard to the facts, and there was an utter lack of the development of the case. This court will not render judgment under the circumstances, but will reverse and remand for another trial. The motion for a rehearing is granted, our former opinion and judgment set aside, and the judgment is reversed, and the cause remanded; costs being assessed against appellees.