## MITCHELL, GARTNER & THOMPSON v. YOUNG et al.

### No. 14000.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 15, 1939.

Rehearing Denied Jan. 12, 1940.

Chester B. Collins, of Fort Worth, for appellants.

A. M. Clyde and W. F. Young, both of Fort Worth, for appellee Young.

Walker, Smith & Shannon, of Fort Worth, for Employers Liability Assur. Corporation, garnishee.

BROWN, Justice.

A partnership firm, composed of J. W. Mitchell and others, known as Mitchell, Gartner & Walton, secured a judgment, in one of the district courts of Tarrant County, against a partnership firm known as D. H. Purvis & Son, and the former partnership firm was thereafter changed to that of Mitchell, Gartner & Thompson; said last named partnership firm having succeeded to all of the rights of the old firm.

The firm of D. H. Purvis & Son brought suit in one of the district courts of Tarrant County, in the year 1935, against A. Anderson and A. Anderson, Jr., and Employers' Liability Assurance Corporation, Ltd., to recover a sum of money alleged to be owing in the amount of $10,429.99, and W. F. Young, an attorney at law of Forth Worth, Texas, filed such suit for the plaintiffs.

This suit was contested as to liability and as to the amount recoverable, but on or about July 27, 1938, an agreement was entered into, whereby the defendant, Employers' Liability Assurance Corporation, Ltd., agreed to settle the suit for $4,500.

On the day such settlement agreement was entered into, the firm of Mitchell, Gartner & Thompson made affidavit for and secured the issuance of a writ of garnishment out of the court in which the judgment was obtained against the firm of D. H. Purvis & Son, and on such date of issuance had such writ served upon Employers' Liability Assurance Corporation, Ltd., as the garnishee.

The garnishee answered fully, disclosing that it did not owe D. H. Purvis & Son anything at the time the writ was served, but fully stating the fact of the agreement to settle the suit filed against it, and the subsequent consummation of such settlement agreed upon and that said garnishee became indebted under the settlement, before the answer was filed, in the sum of $4,500, but specifically answered that one W. F. Young was claiming the funds agreed to be paid by such settlement, by virtue of an assignment of all right thereto and interest therein, executed by D. H. Purvis & Son to said W. F. Young, and said garnishee, answering as such stakeholder, prayed that said W. F. Young be interpleaded in the garnishment suit, to the end that it might be established in court to whom the $4,500 belonged.

Young was so interpleaded and served with process and filed his pleading, showing an assignment by D. H. Purvis & Son to him of all right to and interest in the claim and cause of action brought by D. H. Purvis & Son against said Andersons and Employers' Liability Assurance Corporation, Ltd., long before any garnishment writ was applied for by Mitchell, Gartner & Thompson.

Before the case was tried, W. F. Young endeavored to get the garnishors to agree to have the garnishee pay the said $4,500 into the treasury of the court, and leave only the question of the ownership of the funds, as between garnishors and Young, to be decided. This garnishors declined to do, and D. H. Purvis & Son replevied the funds, and W. F. Young furnished D. H. Purvis & Son collateral sufficient to enable them to make the required replevin bond.

Issue was finally joined, the cause was tried to the court and judgment was rendered that the garnishors, Mitchell, Gartner & Thompson, take nothing, that the garnishee, Employers' Liability Assurance Corporation, Ltd., be discharged on its answer, and awarding title to the $4,500, attempted to be garnished, in the claimant, W. F. Young, and taxing all costs of the trial court against Young, except the jury fee paid by the garnishors, which fee was adjudged to have been paid too late.

Mitchell, Gartner & Thompson excepted and gave notice of appeal to this court, and the interpleaded claimant, Young, ex-

cepted to the judgment against him for costs and likewise gave notice of appeal.

Mitchell, Gartner & Thompson have appealed and made all parties, including Maryland Casualty Company, surety on the said replevin bond, parties adversely interested.

The issues sought to be made by the pleading of appellants will be disclosed in discussing the three assignments of error brought forward in the brief.

The first assignment of error, in substance, asserts that the trial court erred in not rendering judgment for appellants, because it was shown that appellee, W. F. Young, furnished his securities and assets to indemnify and induce Maryland Casualty Company to become the surety on the replevin bond, executed by D. H. Purvis & Son, which compelled the delivery of the $4,500 to D. H. Purvis & Son, as principal, when the surety in fact and in law was shown to be W. F. Young.

The second assignment of error asserts, in substance, that the court erred in not rendering judgment for appellants because it was shown that they had no notice of any claim, by Young, of the funds, when the garnishment writ was sued out and served, and because when the suit of D. H. Purvis & Son was filed against Abe Anderson & Son et al, Young's name was signed to their petition as one of the plaintiffs' attorneys, and subsequent to the filing of such suit, Young, as attorney for D. H. Purvis & Son, executed an affidavit to a plea on behalf of D. H. Purvis & Son, controverting a plea of privilege filed by the said defendants, in which Young "swore under oath" that D. H. Purvis & Son were the owners of such cause of action and claim, and thereby held them out to the world as such owners until the garnishment writ was sued out and served, and having failed to give any character of notice of his right and claim, under such circumstances, appellants "relied on the belief and appearance of all matters of record that D. H. Purvis & Son were the owners of said claim and having incurred court costs, legal fees and loss of time and inconvenience to garnishee, such fund would be entitled to recover their claim from said fund."

The third assignment of error alleges, in substance, practically the same facts as are set forth in the second assignment of error.

Without using the words "estoppel" or "estopped", it is evident that these three assignments of error are intended to raise an issue of estoppel, on the part of Young, to claim the monies paid in settlement of the suit by D. H. Purvis & Son against Abe Anderson et al, and the propositions urged so disclose.

The assignments of error are so closely related that one discussion is sufficient to cover all.

The assignment from Purvis & Son to Young, which antedates the issuance of the garnishment writ by almost three years, assigns "all of our right, title and interest in and to that certain claim or demand, right or action asserted by us in cause No. 12780–A, in the District Court, Tarrant County, Texas, styled D. H. Purvis & Son v. Abe Anderson & Son et al, and the said Young is hereby authorized to sign all receipts or acquittances for any and every character whatsoever necessary in the premises in the collection, compromise, settlement and release of the said claims and/or judgment, if any, recovered. Hereby fully vesting in the said W. F. Young all of our right, title and interest in and to the said claim, right, action or litigation that we may have or now assert against either of the said defendants by reason of said suit or otherwise."

It is not disputed that the assignment was made for a valuable consideration.

The only statute, of which we have knowledge, that has to do with assignments of the character of that before us, is Art. 6636, R.C.S., and it provides that when an assignment of any cause of action is made after suit has been filed thereon, it "may be filed with the papers of such suit" and that when so filed and the notations required by the statute are made by the clerk of the court in which the cause of action is pending, "the same shall be full notice and valid and binding upon all persons subsequently dealing with reference to said cause of action or judgment, whether they have actual knowledge of such transfer or not."

The purpose of this statute seems to be that of protecting the assignee against some act had and done by the assignor, in conjunction with the debtor or defendant against whom the action is brought, or with some third party.

The cause of action no longer is owned by the assignor and neither he nor the

debtor or defendant in the suit, can dispose of the cause of action, or pay the money due thereon to some third person and thus deprive the assignee of his right thereto.

It does not seem to us necessary to cite any authority to sustain the proposition that, where a pending cause of action is assigned, it is not only not improper to continue the prosecution of the suit in the name of the original plaintiff—the assignor —but it is entirely proper to so proceed.

The language used in Smythe v. Western Fire Assurance Co., Tex.Civ.App., 15 S.W.2d 168, 169, writ dismissed, appeals to us as thoroughly sound: "Since 1889 it has been the law that the sale of any cause of action or interest therein shall be evidenced by a written transfer signed and acknowledged by the assignor, and, when filed with the papers of the suit, shall become notice, valid and binding upon every one dealing with the case. Article 6636, Rev.Stats. 1925. Even before that statute was enacted, it had been held that, where such transfer was made pendente lite, it was not necessary that the assignee become a party to the suit. Hair v. Wood, 58 Tex. [77], 78; Wortham v. Boyd, 66 Tex. 401, 1 S.W. 109. Since the law was enacted, it was held in Evans Co. v. Reeves, 6 Tex. Civ.App. 254, 26 S.W. 219, that, the assignees having acquired their rights after the suit was instituted, they were not necessary parties to the suit. That is the trend of all the decisions on the subject. It follows that appellant was entitled to judgment, while the transfer filed among the papers protected the rights of the attorney" (the assignee).

If this pronouncement is sound where the assignment is filed as directed by the statute and full notice is thus given of the ownership of the cause of action, how much more convincing is the reasoning where the assignment is properly executed but not filed among the papers in the pending suit!

In speaking of such assignments as the one before us we find the following language in Vol. 5 Tex.Jur., page 29, para. 23: "The purpose of this statute is merely to furnish parties dealing with the cause notice of the assignments, and it is not intended that it should affect the validity of any sale of a cause of action, or any part thereof, or the sale of a judgment."

This same text and volume, pages 39, 40, para. 31, uses the following language:

"An assignment of a debt or fund made for a valuable consideration secures it against attachment or garnishment for a debt of the assignor. This is so even though the original debtor does not consent to the assignment nor receive notice of the transfer. The equitable title and beneficial interest pass by the assignment and the debtor owes the assignee and not the debtor of the garnishing creditor. However, notice should be given to the debtor in time to enable him to bring it to the attention of the court before judgment is rendered against him as garnishee.

"If the debtor is summoned to appear as garnishee, and before judgment he becomes aware of an assignment of his debt made before the garnishment, it is his duty to bring that fact to the attention of the court, in order that, if practicable, the assignee may be cited to substantiate his claim, or that the court may withhold judgment."

The text is supported by a number of cases.

We do not believe that Art. 6636, R.C.S., was enacted to protect either an attaching creditor or a garnishing creditor. When a creditor sues out a writ of attachment, or of garnishment, he does so at his peril. He simply takes his chances of attaching property that may or may not belong to his debtor, or of garnishing funds that may or may not belong to his debtor.

If Young had filed his assignment among the papers in the suit filed by D. H. Purvis & Son against Anderson et al, that would not have added validity to his assignment, and his failure to do so would not detract from its validity.

In Bennett Printing Co. v. Dines Bldg. Co., Tex.Civ.App., 84 S.W.2d 497, writ dismissed, it was held that where, after assignment of judgment debt, assignor replevied the debt or fund, and assignee was a surety on the replevin bond, this did not estop assignee's assignee from claiming the debt or fund as against a garnisheeing creditor who served judgment debtor with a writ of garnishment after such assignment.

We have approached this question of estoppel on the part of Young as if the replevin bond were made when appellants had no notice of Young's claim under and by virtue of his assignment, but we find it established in the record that Young had not only put appellants on notice of his claim, but had gone further and attempted to get appellants to agree that the fund be

deposited in the treasury of the court to await judgment upon the issue of ownership as between him as assignee and appellants as garnisheeing creditors. This appellants declined to do. Under these facts, it could not be reasonably argued that Young has taken an inconsistent position with relation to the ownership of the fund so as to estop him from laying claim thereto.

We quote from Alexander Co. v. First Nat. Bank of Lagrange, 119 S.W.2d 718, 720, writ dismissed: "One of the essential elements of an estoppel is that the one party by his acts, conduct or acquiescence when in duty bound to speak, has misled another and caused him to act to his injury. 17 Tex.Jur., § 15, p. 144."

We do not find anything in the record to justify the appellants' position that Young, by any act, has estopped himself from claiming the fund as an assignee thereof.

The fact that Young, as attorney for D. H. Purvis & Son, made the affidavit to the plaintiffs' controverting plea, in which the ownership of the claim of plaintiffs was alleged to be in D. H. Purvis & Son, does not raise an issue of estoppel as to Young.

The suit was for more than $10,000, and in the trial of the instant suit it was made clear that D. H. Purvis & Son did not owe Young as much as the amount involved in the claim assigned to Young.

Suppose the settlement had been made for more than the debts owed to Young by D. H. Purvis & Son, or judgment had been obtained for such larger sum, would any person contend that such surplus sum was not owned by D. H. Purvis & Son? Obviously no! And it would have been the duty of the garnishee to disclose such fact, and the duty of the assignee to plead his partial ownership.

Appellants were not parties to but were strangers to the suit of D. H. Purvis & Son v. Anderson et al. There was no privity of relationship insofar as appellants are concerned.

In Fowler et al. v. Texas Exploration Co. et al., Tex.Civ.App., 290 S.W. 818, 823, writ refused, this is said: "Appellants' contention that appellees are estopped by the recitals in the administrator's deed from claiming any other title than that obtained under the original contract of sale between Darst and Austin is without merit. Appellants are not privies to this deed either in blood or estate. Being strangers to the deed and not bound by its recitals, they cannot take advantage of any estoppel that might have arisen as between the parties thereto. 21 Corpus Juris, p. 1067."

The text cited uses the following language: "Estoppels of record to the extent that they bind parties will also bind their privies, but to that extent only. So these estoppels operate only on parties and their privies and can be used neither by nor against strangers. Estoppels by record are mutual, and cannot be insisted on by one who is himself not bound thereby."

This text cites Cecil v. Cecil, 19 Md. 72, 81 Am.Dec. 626, wherein this is said: "He that shall not be concluded by the record or other matter, shall not conclude another by it."

Appellants' assignments of error are overruled.

Appellee, by cross-assignment, complains of the action of the trial court in taxing him with the costs, the following language being used by the court: "It is further ordered that all costs in this case, except jury fee paid by plaintiffs too late to entitle them to a jury, be and is hereby taxed against defendant Young because plaintiffs' garnishment was secured and levied without knowledge of said defendant's assignment of the fund in garnishee's possession and referred to in its answer filed herein."

This action of the court is in strict compliance with the provisions of Art. 2066, R.C.S., and, while the members of this court may not have inclined to the view taken by the trial court, in so disposing of the issue of taxing the costs, nevertheless the trial court was using the discretion that is vested in him and we do not see that he has abused such discretion.

The judgment of the trial court is affirmed and the costs incurred on appeal, including the cost of the clerk's transcript and the stenographer's fee for preparing the statement of facts, are taxed against appellants.