NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SUSAN I. ROFF, *Plaintiff/Appellant*,

*v.*

MANDY ANN GRANT; RONALD W. JACKSON AND ANGELA
YVONNE SMITH; YUMA COUNTY TREASURER, *Defendants/Appellees,*

*and*

J AND J PROPERTY HOLDINGS, L.C., an Arizona limited liability
company; NOMAR DEVELOPMENTS, INC., *Intervenors/Appellees*

No. 1 CA-CV 25-0220

FILED 04-13-2026

Appeal from the Superior Court in Yuma County
No. S1400CV202000252, S1400CV202000569
The Honorable Eliza Johnson, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Susan I. Roff, Yuma
*Plaintiff/Appellant*

Office of the Yuma County Attorney, Yuma
By William J. Kerekes
*Counsel for Defendant/Appellee Yuma County Treasurer*

Barry Becker, P.C., Phoenix
By Barry C. Becker
*Counsel for Intervenors/Appellees*

---

**MEMORANDUM DECISION**

Judge Andrew J. Becke delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Kent E. Cattani joined.

---

**B E C K E**, Judge:

¶1        Susan Roff appeals an order denying her request for attorneys' fees and costs and denying her motion for a new trial, arising from an action to quiet title and foreclose the right of redemption of a tax lien. For the reasons that follow, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        In 2019, Roff purchased a tax lien on a property in Yuma County ("the Property"). Mandy Grant ("Grant") owned the Property at that time. In April 2020, Roff filed a complaint to foreclose the right of redemption of the tax lien and to quiet title. Roff named Grant and the Yuma County Treasurer as defendants. *See* A.R.S. § 42-18201(A) (county treasurer must be named as a party in a foreclosure of the right of redemption action).

¶3        A few days later, Roff recorded a lis pendens against the Property, giving notice of the lawsuit. Grant did not file an answer, so Roff moved for an entry of default. A default hearing was held on July 23, 2020. During the hearing, Roff stated that "[t]he quiet title is based on the treasurer's issuing the deed." No other basis for her quiet title action was stated in court or pled in her complaint. The court issued various orders, including that the rights of defendants to redeem were barred, title was quieted in favor of Roff, and directing the treasurer to deliver a treasurer's deed to Roff. In the minute entry following the hearing, the court stated that it "takes this matter under advisement and shall issue a written order." The court's subsequent judgment quieted title in favor of Roff and foreclosed

2

Grant's right to redeem. The court signed the default judgment on July 29, 2020. However, it was not entered until July 31, 2020.

¶4            On July 29, the day the court signed the default judgment, Grant conveyed the Property via warranty deed to J and J Property Holdings, LLC ("J&J") and Nomar Developments, Inc. ("Nomar"). A representative of Nomar then redeemed the tax lien on the Property and recorded the warranty deed later on July 29.

¶5            On July 30, Roff filed a motion to "correct clerical omissions and mistakes" in the court's July 23, 2020 minute entry *nunc pro tunc*[1] to make the order effective on an earlier date.  She filed an amended motion a few days later seeking similar relief. Both motions requested that the court sign the minute entry and add certain findings that were made during the July 23 default hearing.

¶6            The court issued an order declining to modify the minute entry and setting a hearing on the foreclosure of the right of redemption and quiet title action. Roff again moved for a *nunc pro tunc* order, this time requesting the date of entry for the default judgment be changed to the July 23 date of the default hearing. That motion was also denied.

¶7            In October 2020, Nomar and J&J filed a complaint to quiet Roff's title in the Property. That case was eventually consolidated with the case filed by Roff. The court treated Nomar and J&J as intervenors.

¶8            The hearing on Roff's quiet title and tax lien foreclosure claim was held in November 2020. During that hearing, Roff again asked the court to enter judgment *nunc pro tunc* to change the time of the default judgment's entry to before Nomar and J&J's redemption of the tax lien. Roff also asserted that she and Grant had entered into an agreement before the legal proceedings. In this agreement, which was written on a napkin, Grant agreed not to interfere with Roff's foreclosure or quiet title action in exchange for 40% of the Property's sale proceeds ("napkin agreement"). The napkin agreement was not recorded, and it was not physically presented until December 2024. The court denied the request to enter judgment *nunc pro tunc*.

---

[1] "An order entered *nunc pro tunc* (Latin for 'now for then') is one '[h]aving retroactive legal effect through a court's inherent power.'" *Shinn v. Ariz. Bd. of Exec. Clemency*, 254 Ariz. 255, 260, ¶ 17 (2022) (citing Black's Law Dictionary (11th ed. 2019)).

¶9        Roff then filed a motion to dismiss Nomar and J&J's complaint, arguing it was barred by claim preclusion, failed to state a claim upon which relief could be granted, failed to join Grant as an indispensable party, that it was an improper collateral attack on the default judgment, and that granting relief would constitute a horizontal appeal. A few months later, Roff and Grant filed a stipulation, requesting that the court issue an order *nunc pro tunc* to change the time of the default judgment's entry to July 29, 2020 at 3:00 p.m. (one hour and 9 minutes before Nomar redeemed the tax lien). The Yuma County Treasurer objected to the stipulation because Nomar redeemed the tax lien before the default judgment was entered.

¶10        In September 2021, the court held a hearing on the motion to dismiss Nomar and J&J's complaint and the stipulation by Roff and Grant. Following the hearing, the court vacated the default judgment entirely and vacated the orders stated at the July 23 default hearing. The court vacated the judgment because the tax lien being unredeemed was the basis of the judgment, but Nomar redeemed the tax lien before entry of the judgment. Because of multiple recusals and reassignments, the judge who vacated the default judgment was a different judge than the one who entered the default judgment. The motion to dismiss and the renewed request for a *nunc pro tunc* order were denied.

¶11        Roff then moved for Arizona Rule of Civil Procedure ("Rule") 60(b) relief, arguing that the court was precluded from vacating the default judgment without a Rule 60(b) motion. After the motion was denied, Nomar and J&J moved for summary judgment on their quiet title claim, which the court denied.

¶12        Nomar and J&J then sold the Property to Ronald Jackson ("Jackson") and Angela Smith ("Smith"). Roff filed an amended complaint adding Jackson and Smith as defendants. The court then dismissed the case with prejudice because the tax lien had been redeemed before entry of judgment. The court rejected Roff's argument that the napkin agreement preserved her quiet title action because the physical napkin agreement had not been presented.[2] Roff then moved for a new trial under Rule 59,

---

[2] Under the statute of frauds, A.R.S. § 44-101(6), with limited exceptions, an action to enforce an agreement for the sale of real property or an interest in real property cannot be brought without a written and signed document. *See Owens v. M.E. Schepp Ltd. P'ship*, 216 Ariz. 222, 225–26, ¶ 14 (2008).

attaching a copy of the recently found napkin agreement. That motion was denied.

**¶13**         Roff timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶14**         Roff presents five arguments on appeal: (1) the lis pendens preserved her rights to the Property, (2) the quiet title action survived the tax lien redemption, (3) the lis pendens and default judgment should have caused the dismissal of Nomar and J&J's claims, (4) Nomar and J&J improperly collaterally attacked the default judgment, and (5) the superior court should not have vacated the default judgment. We address those arguments in turn.

I.      **The Lis Pendens Did Not Preserve Roff's Rights to the Property or Her Quiet Title Claim.**

**¶15**         Roff first argues that her recorded lis pendens "preserved her right to recover the [P]roperty and enforce her claims against it, even if the [P]roperty had been transferred or encumbered during the lawsuit." She also contends that, even if Nomar and J&J's redemption was valid, it did not extinguish her right to quiet title.

**¶16**         A lis pendens only gives notice to potential buyers that a lawsuit is pending that may affect their rights; it does not give the person who records the lis pendens any rights to the property. *Stauffer v. U.S. Bank Nat'l Ass'n*, 233 Ariz. 22, 26, ¶ 14 (App. 2013); *BT Capital, LLC v. TD Service Co. of Ariz.*, 229 Ariz. 299, 301, ¶ 14 (2012) ("Although filing the *lis pendens* provided constructive notice of the lawsuit, it did not establish the validity of [the] claim. . . ."). Therefore, the lis pendens did not give Roff any rights to the Property.

**¶17**         Roff argues that her quiet title action survived redemption because the napkin agreement was an alternative basis to quiet title, and the lis pendens gave subsequent purchasers notice of a quiet title action. But Roff did not include the napkin agreement as a basis to quiet title in her complaint, did not rely on that agreement during the default hearing, and did not record her napkin agreement.

**¶18**         Under Roff's complaint, subsequent purchasers did not have notice of the napkin agreement even though a lis pendens was filed. A lis pendens provides "constructive notice of all that is claimed in the action

regardless of whether such claims are sufficiently pled, *in so far as their nature and extent are disclosed by the pleadings*." *Stewart v. Fahey*, 14 Ariz. App. 149, 151 (App. 1971) (emphasis added) (quoting *Brandt v. Scribner*, 13 Ariz. 169, 176 (1910)). Although her lis pendens included an action for quiet title, the alleged facts giving her an interest in the Property did not include anything other than the tax lien. *Cf. Verde Water & Power Co. v. Salt River Valley Water Users Ass'n*, 22 Ariz. 305, 307 (1921) (A quiet title complaint must "set forth the facts which constitute the title" or be subject to demurrer). Therefore, the lis pendens did not preserve her quiet title action.

## II. The Tax Lien Was Successfully Redeemed Before Entry of Judgment.

**¶19**        Roff argues that Nomar and J&J's "claims to the property [can] be dismissed" due to the lis pendens and the default judgment. She contends that, because Nomar and J&J had notice of her lawsuit through the lis pendens, the default judgment should apply to them. We review *de novo* the interpretation of statutes and rules. *Haag v. Steinle*, 227 Ariz. 212, 214, ¶ 9 (App. 2011).

**¶20**        Under A.R.S. § 42-18206, the owner of property may "redeem at any time before judgment is entered, notwithstanding that an action to foreclose has been commenced." *See* A.R.S. § 42-18151(A)(1) (detailing who may redeem real property tax liens). Nomar and J&J purchased, and became the record owners of, the Property on July 29. The judgment was not entered until July 31. *See* Ariz. R. Civ. P. 58(b)(2)(A) ("A judgment is not effective before entry."). Having notice of an action to foreclose the right of redemption does not bar the owner from redeeming until entry of the foreclosure judgment. *See* A.R.S. § 42-18206. Therefore, Nomar, as the owner, was entitled to redeem on July 29.

## III. Nomar and J&J's Complaint Was Not an Improper Collateral Attack.

**¶21**        Roff argues that Nomar and J&J improperly collaterally attacked her default judgment with their quiet title action commenced in October 2020. In support of her contention, Roff cites to *Advanced Prop. Tax Liens, Inc. v. Othon*, 255 Ariz. 60 (2023).

**¶22**        Roff's reliance on *Othon* is misplaced. In that case, the superior court entered default judgment in a tax lien foreclosure action against the owner of record. *Othon*, 255 Ariz. at 62, ¶ 8. However, there was a subsequent purchaser who had not recorded his deed. *Id.* at ¶ 5. The prevailing party in the default judgment then brought a quiet title action

against the unrecorded subsequent purchaser. *Id.* at 63, ¶ 11. The unrecorded subsequent purchaser asked the court to reject the quiet title claim, arguing that the owner of record had not been properly served. *Id.* Our supreme court then held that the unrecorded subsequent purchaser could not collaterally attack the default judgment. *Id.* at 67, ¶ 36.

¶23            Here, the facts are materially different. Nomar and J&J recorded their deed *and* redeemed the tax lien *before* entry of default judgment. Therefore, unlike in *Othon* where an unrecorded subsequent purchaser was attempting to collaterally attack the default judgment in a quiet title action brought against him, here, Nomar and J&J had an interest in the Property through their recorded ownership and brought a quiet title action against Roff to vindicate that interest. Nomar and J&J were able to bring a quiet title action because of their interest. *See* A.R.S. § 12-1101(A) ("An action to determine and quiet title to real property may be brought by any one having or claiming an interest therein.").

### IV.    The Superior Court Properly Vacated the Default Judgment.

¶24            Roff next argues that the superior court erred by vacating the default judgment, including the orders on both the quiet title and foreclosure of the right of redemption.

#### A.  *Vacating the default judgment*

¶25            If the court was correct in vacating the judgment for any reason under Rule 60(b), we will affirm. *See Webb v. Erickson*, 134 Ariz. 182, 186 (1982). We review a court's vacating of a judgment under Rule 60(b) for an abuse of discretion. *City of Phoenix v. Geyler*, 144 Ariz. 323, 328 (1985). Because Arizona's Rule 60(b) mirrors Federal Rule of Civil Procedure 60(b), we may look to federal court's interpretations of the federal rule. *See Amani Elec., Inc. v. Engineered Structures, Inc.*, 229 Ariz. 430, 432, ¶ 7 (App. 2012). *Compare* Ariz. R. Civ. P. 60(b) *with* Fed. R. Civ. P. 60(b).

¶26            Although there was no formal motion for Rule 60(b) relief, Nomar and J&J filed a quiet title action against Roff and appeared at the September 2021 hearing in both cases, where Roff and her attorney also were present. Roff was on notice of Nomar and J&J's claims through their complaint, which was served on Roff nearly a year before the hearing. During the hearing, Nomar and J&J argued that the ability to foreclose on the right of redemption is predicated on having a tax lien. Once Nomar and J&J redeemed, they asserted, Roff no longer held a tax lien. They also argued that without a tax lien, one cannot quiet title based on a tax lien. On this record, the court properly could vacate the default judgment without a

Rule 60(b) motion. *See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 351–52 (9th Cir. 1999) (holding that the court may *sua sponte* modify a default judgment under Rule 60(b) if the parties had notice or an opportunity to be heard); *see also Adams v. Symetra Life Ins. Co.*, 628 F.Supp.3d 968, 970 (D. Ariz. 2022) ("A district court may reconsider and vacate a past order upon motion or of its own will.").

**¶27** Under Rule 60(b)(5), the court may vacate a judgment when "applying it prospectively is no longer equitable." In determining whether 60(b)(5) relief is appropriate, we may ask "whether 'a significant change either in factual conditions or in law' renders continued enforcement of the judgment 'detrimental to the public interest.'" *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992)).

**¶28** Here, there was a significant change in factual conditions because the tax lien was redeemed before the entry of the default judgment. Because of that, Roff's claimed interest in the Property was terminated before the quiet title judgment was entered. Thus, the superior court did not abuse its discretion by vacating the default judgment.

### B. Horizontal appeal

**¶29** Next, Roff argues that one judge vacating the default judgment entered by a different judge was a horizontal appeal under the "law of the case" doctrine. *Powell-Cerkoney v. TCR-Montana Ranch Joint Venture, II*, 176 Ariz. 275, 278 (App. 1993).

**¶30** The "law of the case" doctrine is a judicial policy against reopening questions previously decided in the same case in either the same or a higher court. *Id.* Where, as here, we apply the doctrine to decisions in the same court, "we treat law of the case as a procedural doctrine rather than as a substantive limitation on the court's power." *Id.*

**¶31** A horizontal appeal is when a party "requests a second trial judge to reconsider the decision of the first trial judge in the same matter, even though no new circumstances have arisen in the interim and no other reason justifies reconsideration." *Id.* at 278–79. "We criticize horizontal appeals because they waste judicial resources by asking two judges to consider identical motions and because they encourage 'judge shopping.'" *Id.* at 279.

**¶32** There were changed circumstances in this case that warranted vacating the default judgment. The tax lien had been redeemed before entry

of the default judgment, and that changed circumstance rendered the default judgment inequitable. *See Donlann v. Macgurn*, 203 Ariz. 380, 386, ¶ 30 (App. 2002) (concluding there was not an improper horizontal appeal when new evidence "did not merely ask the judge to decide contrary to the prior decision by another judge"). Roff has not shown an improper horizontal appeal here.

## V.     Roff Has Waived Her Other Arguments.

¶**33**        Roff argues that the warranty deed to Nomar and J&J is null and void and that Grant's conveyance to them was fraudulent. She also argues that the napkin agreement was not properly considered by the superior court. However, Roff did not provide "supporting reasons," "citations of legal authorities," or "appropriate references to the portions of the record on which the appellant relies" for these arguments, meaning they are waived. *See* ARCAP 13(a)(7); *Stafford v. Burns*, 241 Ariz. 474, 483, ¶ 34 (App. 2017) (waiving an argument that was not meaningfully developed on appeal).

## CONCLUSION

¶**34**        For the foregoing reasons, we affirm. Roff requests attorneys' fees incurred on appeal under ARCAP 21(a) and A.R.S. §§ 12-341.01, -341.02, -349, and -1103. Because Roff is not the successful party on appeal, because she has shown no entitlement to sanctions, and because she represented herself in this appeal, we deny her requests under A.R.S. §§ 12-341.01, -341.02, and -349. *Munger Chadwick, P.L.C. v. Farwest Dev. & Constr. of the Sw., LLC*, 235 Ariz. 125, 126, ¶ 5 (App. 2014) ("In Arizona, it is the rule that parties who represent themselves in a legal action are not entitled to recover attorney fees."). We deny her request under A.R.S. § 12-1103 because she did not prevail in her quiet title action. *See* A.R.S. § 12-1103(B). We award appellees their taxable costs upon compliance with ARCAP 21.



MATTHEW J. MARTIN • Clerk of the Court

**FILED**:            JR