B. J. Thompson v. William Herring.

It is well settled that declarations or admissions of a vendor of land, made after he has parted with his title and possession, cannot be received to disparage or impeach the title of his vendee. Such testimony is hearsay.

A person who is a competent witness in an original suit cannot be disqualified to testify in such original suit, by being made defendant to a cross bill set up in the answer to such suit, when the issues in the original suit could not affect the result of the cross bill.

Certain depositions, being offered in evidence, were objected to "because it did not appear of record among the papers in the cause that there was service of notice and copies of the interrogatories" upon the opposite party. Thereupon, the court below heard proofs of the service, return, and loss of the notice and copies, and admitted the depositions. *Held*, to have been correct.

Appeal from Bell. Tried below before the Hon. N. W. Battle.

This suit was brought by the appellee against B. J. Thompson and B. J. Lewis, for the purpose of removing clouds from the title to and obtaining possession of a tract of 738 acres of land in Bell county, claimed by the plaintiff.

The plaintiff alleged that a conveyance of the land in controversy, made on the 24th of December, 1856, by the defendant Lewis to the defendant Thompson, and also a certain other conveyance made by one B. C. Drury to the defendant Thompson, were fraudulent and void, but constituted clouds upon the title of the plaintiff.

The defendant Thompson insisted upon the validity of his title in an answer, which, in view of this opinion, need not be particularly detailed; but in which new matter was set up, and a demand upon a note for $400 asserted against M. D. Herring, the plaintiff's brother, who, it was prayed, might therefore be made a party to the suit.

At the trial, the plaintiff introduced M. D. Herring as a witness, and the defendant Thompson objected, "because the records show said witness, M. D. Herring, to have a direct pecuniary interest in the result of the suit, and is a party." The court over-

ruled the objection, and permitted the witness to testify on the issue between the plaintiff and defendants, but not on the issue between defendant Thompson and the witness for debt. Defendant excepted.

Upon the trial the plaintiff introduced the deposition of B. C. Drury to prove certain declarations and acts of B. J. Lewis, made and done subsequent to his deed to Thompson of December 24th, 1856, tending to prove that said deed was fraudulent as against Lewis' creditors, and therefore void.

The depositions of the witnesses Crudup and Drury, offered by the plaintiff, were objected to by the defendant, for the reason that "it did not appear of record among the papers in the cause that there was service of notice and copies of interrogatories propounded to the witnesses, upon the defendant."

The clerk of the court, being sworn, stated that he issued and forwarded to the sheriff of McLennan county notices and copies of the interrogatories; that subsequently they were returned from McLennan county, but witness did not remember that they were returned as having been served. That after the expiration of five days, witness issued the commission and copies of the interrogatories and sent them to McLennan county, and he would not have issued, or was not in the habit of issuing commissions, unless the service had been had or waived.

E. Walker, Esq., plaintiff's attorney, being sworn, stated that he received the notice and copies of said interrogatories from the clerk; that he mailed them to M. D. Herring; that they were afterwards returned by Herring, and witness is positive they were returned served upon the defendants. Witness gave the notice and copies, returned served as stated, to the clerk, and has seen them among the papers in this cause during the present term; but they have been misplaced or lost, and witness does not know what has become of them.

M. D. Herring, being sworn, remembers distinctly receiving the notice and copies of said interrogatories to be served on defendants, either from the clerk or from Mr. Walker, by mail; witness put them in the hands of a deputy sheriff of McLennan county, who went down to the residence of the defendants, came back and

wrote his return of the service of the notice and copies upon the
defendants, in witness' presence; whereupon, witness mailed them
to Mr. Walker, or the clerk. That witness, some time afterwards,
received the commission and copy of the interrogatories.

On hearing this proof, the court overruled the defendants' ob-
jection to the depositions of Crudup and Drury, and defendants
excepted.

The jury returned a verdict for the plaintiff as to the land in
controversy, and in favor of the defendant Thompson against M.
D. Herring for $23 debt. Judgment accordingly; new trial re-
fused, and defendant Thompson appeals.

*F. W. Chandler*, for the appellant.

*Hancock & West*, and *M. D. Herring*, for the appellee.—The
first error to which the attention of the court is called in the brief
of appellant's counsel is, that proof of the acts and declarations
of Lewis after the alleged fraudulent sale to, and not in the pre-
sence of, Thompson, asserting an interest in and right to the land
in controversy, was improperly allowed by the court. To sustain
this assumption no authority is cited. We submit that the ruling
of the court below admitting the evidence of the witness Drury as
to the acts and declarations of Lewis after the sale to Thompson, is
clearly sustained by the authority of Wright v. Linn, 16 Tex. R., 43.

In that case, as in this, the defendant objected to all evidence
of the declarations of the alleged fraudulent assignor, unless made
at the time of the assignment and in the presence of the defend-
ant, and the objection was sustained, to which exception was re-
served, as in this case; and in that case this court say:

" The court appears to have proceeded in excluding evidence
proposed by the plaintiffs, on the ground that in order to affect the
defendant by the fraud of his vendor and avoid the conveyance,
there must be proof positive of actual knowledge on the part of
the former, of the fraudulent acts and intentions of the latter.
Such proof could seldom be obtained; and to require it would be
to give an effectual cover and protection to frauds and fraudulent
conveyances. On such a question all the facts accessible to the

party impeaching the conveyance and conducing to prove a pur-
pose to defraud creditors, should have been permitted to go to
the jury."

And this court reversed *that* case for excluding the very char-
acter of evidence which the court below admitted in this case;
hence we submit that there is no error in the first assignment pre-
sented by appellant's brief.

Moore, J.—The judgment in this case must be reversed. The
ruling of the court in admitting the declarations of Lewis after
his conveyance to Thompson, for the purpose of showing fraud on
the part of Thompson, was clearly erroneous. It is perfectly well
settled that the declarations of a party not in possession, after he
has parted with the title, can not be received for any purpose
against his vendee. He cannot, by his declarations or admissions,
affect or disparage the title of his vendee. Such testimony is
clearly hearsay.

The objection to the examination of M. D. Herring on the issues
involved in the original suit, to which his testimony seems to
have been limited by the court, was properly overruled. The wit-
ness was not a party to the original suit, and is not shown to have
had any interest which would disqualify him from testifying in it.
The appellant Thompson filed an answer in the nature of a cross
bill, to which he made the witness, M. D. Herring, a party de-
fendant. But by doing so he could not deprive the plaintiff in the
original suit of Herring's testimony upon the issues involved in
it, and which could in no way affect the result of the cross bill
against him. If the witness was permitted on his examination to
extend his testimony beyond the bounds of its legitimate limits,
it is no reason why he should have been altogether excluded from
testifying. Exception should have been taken to such parts of his
evidence as were improper.

The exception to the depositions of the witnesses Drury and
Crudup for want of service of the notice and copy of interroga-
tories was properly overruled. The fact of notice was sufficiently
established to admit the deposition to be read as evidence to the
jury. It is not deemed necessary in the present attitude of the

case to consider any of the other questions that have been presented by the assignment of errors. The judgment is reversed and the cause remanded.

Reversed and remanded.