## W. E. MAYES ET AL. v. JACKSON RUST ET AL.

### Decided March 28, 1906.

**1.—Lis Pendens.**

The heirs of an original grantee brought suit in trespass to try title against two defendants, W. and R., jointly. These defendants claimed equal undivided interests under a deed from one who in fact had no title to the land in controversy. They made a common defense against the plaintiffs; in no sense was there a suit between themselves. Pending this suit to try title by the heirs, W. conveyed his interest in the land to M., who put the deed on record. Subsequently a compromise judgment was entered in the suit, by the terms of which the plaintiffs recovered an undivided interest of two-thirds of the land with divestiture of title out of both defendants, W. and R., and into themselves as to said two-thirds, and the defendant R. recovered an undivided one-third interest with divestiture of title out of the plaintiffs and his codefendant W. and into himself. In a subsequent suit against R. by M. and his vendee claiming under the conveyance from the defendant W. to M. held, that the doctrine of lis pendens had no application.

**2.—Title—Agreed Judgment—Effect of.**

Where, in a suit of trespass to try title, an agreed judgment is entered awarding to plaintiffs part of the land and to defendant a part, the effect is the same as if mutual deeds had been exchanged between the parties, and each would be thereby connected with the title of the other and could assert the same in defense of his possession.

**3.—Tenants in Common—Mutual Protection.**

Where one acquires by sheriff's sale and deed the interest of a cotenant in land, the duty of mutual protection in respect to the common title which usually obtains between cotenants does not exist between such purchaser and the other cotenant.

Appeal from the District Court of Rusk County. Tried below before Hon. Richard B. Levy.

*John R. Arnold,* for appellants.—There being no pleadings asking for a recovery in favor of defendant F. T. Rembert against his joint codefendant, John A. Ware, or over against plaintiffs, in consolidated cause number 4711, there was no lis pendens at any time between these joint codefendants, or in favor of F. T. Rembert against any party to that suit. New England Loan & Trust Co. v. Miller, 40 S. W. Rep., 647.

Lis pendens would not have estopped W. E. Mayes, who acquired John A. Ware's title by voluntary and by sheriff's deed, during the pendency of Horton v. Rembert and Ware, if defendant Rembert had amended and pleaded over against his joint codefendant after Mayes acquired deed from Ware. Wortham v. Boyd, 66 Texas, 404; Letcher v. Reese, 24 Texas Civ. App., 539.

Rembert is estopped to deny the validity of the title acquired jointly by him and Ware from Phillips, and which they jointly and successfully asserted, to one-third of the land against plaintiffs in suit number 4711. Powers v. Minor, 87 Texas, 89.

*Young & Stinchcomb,* for appellee.—The court properly held that lis pendens applied to W. E. Mayes, because the testimony showed that

he received title thereto during the pendency of the suit of Horton v. Rembert and Ware, and the judgment rendered was such as could reasonably be contemplated from the pleadings in the cause. Flanagan v. Pearson, 61 Texas, 304; Lee v. Salinas, 15 Texas, 497; Evans v. Welborn, 74 Texas, 530; Freeman on Judgments, secs. 193, 200 and 502.

The testimony showing that neither Mayes nor Ware ever had any title or claim to the land in controversy, the court could render no other judgment except that Rembert have title to the land decreed to him in the former suit. Roberts v. Thorn, 25 Texas, 728; Dwyer v. Rippetoe, 72 Texas, 520.

GILL, CHIEF JUSTICE.—This suit was brought in the form of trespass to try title by W. E. Mayes and John R. Arnold against F. T. Rembert, Jackson Rust and Edwin Hawes, to recover specific undivided interests in the A. C. Horton 1,594-acre survey of land, situated in Rusk County, Texas. Mayes asserted an interest equal to 1-12 and John R. Arnold 5-12. Both asserted a claim against Rembert for timber alleged to have been wrongfully cut by him from the land.

It was conceded by the plaintiffs, in their petition, that the defendant Jackson Rust owned an undivided 3-12, Edwin Hawes 1-12, and Rembert 2-12.

Rembert denied any ownership in Mayes, and asserted in himself the ownership of 4-12. He conceded the ownership of Arnold to the extent of 4-12, but denied the allegations of plaintiffs as to the cutting of timber.

Following his general denial and plea of not guilty, Rembert specially alleged that he and one Ware had claimed the entire tract jointly, and in equal interests, under a deed from one Phillips. That they were thereafter sued for it by the heirs of A. C. Horton, the original grantee. That after the litigation had pended a long time a compromise judgment was entered, whereby the heirs of Horton recovered an undivided 2-3, with divestiture of title out of him and Ware into them as to said 2-3, and that he, Rembert, was awarded an undivided 1-3, with divestiture of title out of the heirs of Horton and of Ware into him as to said 1-3.

He further pleaded that Mayes acquired such interests as he had during the pendency of that litigation, and so as to him, Mayes, and as to the 1-12 claimed by Arnold under Mayes, the suit was *lis pendens.*

All the parties prayed for partition.

A trial to the court without a jury resulted in a judgment in favor of Rembert's contention, and Mayes and Arnold have appealed.

As Arnold was awarded the interest acquired by him from the heirs of Horton, his complaint against the judgment is restricted to the 1-12 he claims to have acquired through Mayes.

There is no statement of facts, the appeal being predicated upon the facts found by the trial judge. From the judge's findings we condense the following as the facts pertinent to the disposition of the questions presented on this appeal.

The land in controversy was patented to the heirs of A. C. Horton,

These heirs, on May 12, 1890, sued Ware and Rembert for the land, the suit being brought in the District Court of Rusk County, Texas.

Ware and Rembert answered jointly by general denial, plea of not guilty and limitation. They held a deed to the land from one Phillips which purported to convey to each of the vendees an undivided half, but this record does not disclose that Phillips had any title, and does affirmatively show that the title to the entire tract was in the heirs of Horton. After the institution of the suit against Rembert and Ware by the heirs of Horton, and after service upon defendants therein, and before the rendition of the judgment therein, Ware executed to Mayes an instrument in the form of an absolute deed to the land, which Mayes promptly placed of record in Rusk County. Thereafter he sued Ware in the District Court of Houston County upon allegations that the deed from Ware to him was not, in fact, a deed, but a mortgage given for the security of a debt which Ware owed to him in a sum of more than $2,000, and prayed for judgment for the debt and foreclosure of the lien, which was had. Thereafter, at a sale had under this foreclosure, Mayes bought in Ware's interest in the land, and the sheriff's deed constitutes such title thereto as Mayes had at the date of the trial. Of the interest asserted by Arnold, 1-12 was derived from Mayes, and must stand or fall upon Mayes's title as above disclosed.

Under this state of facts as to the controversy between plaintiffs and Rembert it is apparent that, if the doctrine of *lis pendens* applies to the rights of plaintiffs, they can not recover. If it does not apply, and they can hold Rembert to the Phillips title as common source, the result upon this phase of the case would be different.

It is a familiar rule of law that one who buys an interest in property involved in a pending suit must abide the result of the suit. But the rule is equally familiar that a title not in issue at the date of the purchase can not afterward be included in amended pleadings so as to bind the purchaser who bought previous to the amendment.

Measured by these rules, it is very plain that the feature of the judgment in the case of Horton v. Rembert and Ware, in which Ware's title to an undivided one-third was divested out of him and vested in Rembert, had no effect upon the interest of Mayes, for the reason that at the date of his purchase Rembert and Ware, holding under a joint deed from Phillips, were making a joint fight against the heirs of Horton. Never at any time was there any suit pending between Rembert and Ware. It follows that Rembert can not protect himself through the Phillips title by force of that judgment, he having constructive notice of the conveyance by Ware to Mayes. Of course, the suit was *lis pendens* as to Mayes as to whatever interest the Horton heirs recovered therein.

Rembert must therefore rely upon the other feature of his judgment, namely, that part which divests the title to an undivided one-third out of the heirs of Horton and vests it in Rembert. If the legal effect of that judgment was to invest him with such title to the third recovered by him as the heirs of Horton had, then he can not be held to the Phillips title as the common source, for Rembert has pleaded the judgment

and the facts upon which it was predicated, and this record shows that the superior title was in the heirs of Horton when that judgment was entered. Ware was decreed to have no interest, and, in fact, had none, for his claim was based upon the Phillips title, which was bad.

Rembert was in the same position, but in the compromise he was awarded an undivided one-third interest, together with the Horton title thereto. In this way his title was connected with the sovereignty of the soil. Ware took no interest in the proceedings, being a bankrupt, and in no position to reap the fruits of any judgment awarded him. The findings of the trial court, to which we refer for a fuller statement, give a full history of the agreed judgment and the facts which attended its rendition. We therefore do not set them out at greater length.

From the facts stated we are of opinion that the judgment awarding Rembert a one-third interest in the land, and divesting to that extent the title of the heirs of Horton and vesting it in him, became a link in his chain of title connecting him with the sovereignty of the soil.

It follows that the court did not err in giving judgment for Rembert, unless the contention of appellants be sound, to the effect that whatever title Rembert thereby procured was taken in trust for Ware, and through him inured to the benefit of Mayes.

It is true that Rembert and Ware were tenants in common in the Phillips title, and, having acquired their interests by the same act and instrument, the law implied the existence of a fiduciary relation between them with respect to the common title, from which the acts of one for the protection of the common title would inure to the benefit of the other at his election. But the principle does not apply to the facts of this case, because, at the date of the compromise judgment, Ware had no interest in the property in any sense. Mayes had acquired by sheriff's deed whatever interest Ware had, and the relation between Mayes and Rembert was not such, either in fact or in law, as to raise the duty of mutual protection. (Fielding v. White, 32 S. W. Rep., 1054, and authorities cited.) Rembert had claimed a full half of the property. He recovered less than he claimed. The law imposed upon him no duty to protect the interest of Mayes.

We conclude that the effect of the agreed judgment was the same as if mutual deeds had been exchanged between the heirs of Horton and Rembert whereby each would have connected himself with the title of the other. The relative strength of the titles remained unchanged with respect to those not bound by the judgment.

The Horton title being paramount, Rembert was properly awarded a third interest in the land.

We find no error in the record. The judgment is affirmed.

*Affirmed.*

Writ of error refused.