**HALTOM et al. v. McKINLEY et al.**

No. 4367.

Court of Civil Appeals of Texas. Texarkana.

July 11, 1933.

Rehearing Denied Oct. 5, 1933.

Willis & West, of Dallas, and Bramlette & Meredith, of Longview, for appellants.

Lacy & Molhusen and George Prendergast, all of Longview, and Wm. Hodges, of Texarkana, for appellees.

LEVY, Justice (after stating the case as above).

The appeal is predicated upon the error claimed to have been committed by the trial court in peremptorily instructing a verdict against the plaintiffs and in favor of the defendants. At the close of the evidence the plaintiffs and the defendants each requested a peremptory instruction to the jury to return a verdict in their favor. It is admitted in the appellants' brief that: "There is no controverted issue of fact in this case. It is ·a matter of the interpretation and construction of the facts according to the recognized and established rules therefor and application of the law under such facts." The appellees concur in the statement that the material facts are undisputed.

It is contended by the appellants that the legal effect attaching to the facts of this case entitled them, as prayed for, to a decree of cancellation of the two deeds named and for the rents and income from the premises and the judgment of the trial court against them should be reversed and judgment rendered in this court in their favor. It is believed that the evidence, taken as a whole, would not warrant the court in concluding that the transaction disclosed by the record whereby the two deeds were executed constituted a mortgage, and nothing else, upon the homestead. The evidence goes strongly to show the real intention of P. H. Haltom was to convey a title to the land on his son Edgar Haltom, paying a designated sum within a stipulated time. P. H. Haltom and his wife, Easter, were old and in bad circumstances and in need of financial assistance by the children, and their children were not financially able to render such assistance. In the view and purpose of getting that needed financial help, P. H. Haltom wanted to, and joined by his wife, Easter, did, execute a deed conveying the land to his son Edgar Haltom. Edgar was living on the land with his parents, and it is only reasonable to suppose that he was caring for his parents and doing for them in the way of support as he could do on the farm. By clear understanding between all the parties, the consideration for the conveyance of the land

to Edgar Haltom was to be $155 cash and three notes for $115 each payable in one, two, and three years, respectively, after date. Edgar Haltom gave his notes payable to J. C. McKinley from whom, by agreement, he was to get the money to pay the purchase price to his father, P. H. Haltom. The evidence furnishes sufficient basis for the conclusion that J. C. McKinley regularly and without failing paid over to P. H. Haltom for Edgar Haltom money and the equivalent of money as called for by P. H. Haltom. He paid to P. H. Haltom the amount and all agreed upon. There is no evidence of any fraud, nor that Edgar Haltom did not pay to P. H. Haltom in money through J. C. McKinley and in services equal to the full value of the land. It is reasonably certain that J. C. McKinley loaned the money to Edgar Haltom and not to P. H. Haltom, and that Edgar Haltom was to repay same to J. C. McKinley. It is a reasonable and fair conclusion from the evidence that it was the intention of the parties that Edgar Haltom, and not P. H. Haltom, was to be obligated for and repay to J. C. McKinley all the amount of the consideration recited in the deed. And as affirmatively shown by the evidence Edgar Haltom in 1912 sold the land by deed to J. C. McKinley for $800, being the cancellation of the notes and the balance in money. It is a well-settled rule of law that the transaction is not a mortgage, but a conditional sale, where the relation of debtor and creditor does not continue to exist. Alstin's Ex'r v. Cundiff, 52 Tex. 460; Ruffier v. Womack, 30 Tex. 332; Hubby v. Harris, 68 Tex. 91, 3 S. W. 558; Miller v. Yturria, 69 Tex. 549, 7 S. W. 206. The debt due to J. C. McKinley for money turned over to P. H. Haltom was not the obligation and debt of P. H. Haltom to J. C. McKinley. It was the obligation and debt alone of Edgar Haltom to J. C. McKinley, not for money loaned by J. C. McKinley to P. H. Haltom, but for the payment of the purchase price of the land.

In view of the fact that the transaction in evidence constituted a sale and not a mortgage, then, considering the following undisputed evidence, the judgment in favor of R. S. McKinley for the eighty acres would legally be fully warranted, unless the several grounds which are pointed out by appellants as being a legal bar would operate to deny him a judgment for the land. It was proven that upon the execution of the deed to him on November 30, 1912, J. C. McKinley took possession of the eighty acres, which was inclosed, and has continuously held possession, used and cultivated it by tenants, claiming to own it, and rendering for taxes and paying all taxes due on it, to April 4, 1932, a period of over nineteen years. The plaintiffs had notice of J. C. McKinley's use, possession, and claim of title to the eighty acres. On April 4, 1932, J. C. McKinley conveyed the eighty acres to his broth-

er R. S. McKinley, in partition of interests in other land, in exchange for the one-half interest of R. S. McKinley in another tract of eighty-four acres.

It is 'insisted by appellants that although the transaction be determined to be a sale and not a mortgage and although the facts above as to adverse possession may appear without conflict, yet as a matter of pure law, they could not be held to be a legal bar in this case to a judgment in favor of the appellants upon the several grounds, namely: (1) That J. C. McKinley had filed a disclaimer which had the legal effect to entitle the appellants to a judgment against him on the cause of action pleaded by them; (2) that R. S. McKinley was a purchaser pendente lite and not an innocent purchaser, and therefore took the property subject to the judgment which may be rendered against his grantor, and he could not independently plead statutes of limitation.

▊▊▊▊ At the time of the conveyance to R. S. McKinley the present suit had been filed, and a lis pendens notice had been recorded. R. S. McKinley had, as he says, actual notice of this suit. The instrument filed by J. C. McKinley on April 21, 1932, after service of citation upon him on April 15, 1932, states: "Now comes J. C. McKinley and files this, his disclaimer and shows to the court: 1. That the property described in plaintiffs' petition has heretofore for a valuable consideration been conveyed to R. S. McKinley, now the owner and holder of the title to said property, and the defendant J. C. McKinley has no interest in said property or in the subject matter of this suit. Wherefore, this defendant J. C. McKinley prays that he be dismissed from this cause of action with his costs." The purported disclaimer was seemingly regarded and treated, in effect, 'as merely a mode of general denial by J. C. McKinley of any present claim or interest in the eighty acres because he had sold and conveyed same previous to the suit to R. S. McKinley. After the filing of the disclaimer, the appellants saw fit to prosecute further the matter pleaded. They amended their original petition on June 21, 1932, and in which they made both J. C. McKinley and R. S. McKinley, to whom J. C. McKinley had sold the land, parties defendants and asked cancellation, as done in the original petition, of the deeds named. But aside from that view it otherwise appears, it is believed, the trial court's conclusion, as we must assume he made, was correct, that the scope of the disclaimer, as an admission upon the record, was not broad enough to absolutely entitle the plaintiffs to have judgment entered of cancellation of the deeds. The disclaimer is deemed a proper proceeding and is customarily employed in an action of trespass to try title and for possession of 'real property. In such actions the defendant disclaims or makes the admission of record that he does not claim or own any title or interest or right, as the case may be, in the premises sued for or some particular part thereof. In such case the plaintiff is then relieved of proof of any issue or interest and is absolutely entitled to a judgment against the defendant for title or possession of the land. That is so because a disclaimer is deemed to be neither an answer nor a defensive plea by the defendant. Herring v. Swain, 84 Tex. 523, 19 S. W. 774. As a "disclaimer" is classed in the above case, "it is an admission upon the record of the plaintiff's right, and a denial of the assertion of title on part of the defendant." And in order for the disclaimer, or admission upon the record, to be of force and effect, entitling the plaintiff to a judgment without any issue to try, it is required that it be relevant and pertinent and meet and be responsive to the plaintiff's suit. The disclaimer or admission of record is deemed sufficient and of effect only where the defendant absolutely and unqualifiedly admits the plaintiff's title or interest in the land, and considered alone in connection with the plaintiff's petition, entitles the plaintiff to judgment for the land. Wootters v. Hall, 67 Tex. 513, 3 S. W. 725; Dodge v. Richardson, 70 Tex. 209, 8 S. W. 30; Snyder v. Compton (Tex. Civ. App.) 29 S. W. 73. Treated as an admission of record the disclaimer must be relevant and pertinent and meet and be responsive to the plaintiff's suit. 49 C. J. § 351, p. 285. Otherwise a disclaimer will not obviate the necessity of an answer, and entitle the plaintiff absolutely to a judgment upon the matter pleaded. For instance, a simple disclaimer of any interest in the property is not deemed of sufficiency and proper in a conversion suit. Hamm v. Drew, 83 Tex. 77, 18 S. W. 434.

Therefore, in the present case did the court err in refusing to give the plaintiffs judgment based alone upon the disclaimer as an admission upon the record? The disclaimer or admission filed, giving it the utmost effect, is not an unqualified confession of the plaintiffs' cause of action. It does not admit that the two deeds are not what they purport to be, but a mortgage. It simply admits the facts to be that "heretofore," at or before the institution of the suit, J. C. McKinley for a valuable consideration had sold and conveyed the land to R. S. McKinley. The substance of the statement is simply a denial of a present right of interest in the property and a want of any claim or interest at or after the institution of the suit. Such admission does not meet the plaintiffs' case or fill the requirements of a disclaimer or admission of record in this character of case. The plaintiffs' suit is for cancellation of deeds which the petition declares are not what on their face they purport to be, but a mortgage. If the facts stated in the pe-

tition are true, the plaintiffs are entitled to such a declaration. Such declaration can be made against nobody but the defendant J. C. McKinley. For the defendant J. C. McKinley to merely admit of record that he has no present interest and disclaim all right to the land at or after the suit does not amount to declaring that the deeds made to him are in fact but a mortgage upon the homestead of P. H. Haltom and Easter Haltom. The statement of the issue tendered by the plaintiffs' petition shows conclusively that any disclaimer or admission on the part of the defendant which does not in substance admit that the deed is a mortgage does not meet the plaintiffs' case. The disclaimer or admission, in view of the case pleaded by plaintiffs, is without effect, in sufficiency and extent, as legally entitling plaintiffs absolutely to a judgment for the cancellation of the deeds. It cannot be broader than go beyond the facts admitted. The answer of the defendant was entitled to be considered.

A sale and conveyance of an interest in land during the pendency of a suit by a party thereto is not void, and invalid. Rippetoe v. Dwyer, 65 Tex. 703; Wortham v. Boyd, 66 Tex. 401, 1 S. W. 109; Mayes v. Rust, 42 Tex. Civ. App. 423, 94 S. W. 110; Roseborough v. Cook, 108 Tex. 364, 194 S. W. 131. For rule, see 2 Pomeroy, Eq. Jur. (3d Ed.) p. 1063.

It is believed that R. S. McKinley could plead title by limitation. J. C. McKinley had acquired and held a perfect title by limitation and that title passed by his conveyance to R. S. McKinley after the suit was filed. He became the owner of whatever title J. C. McKinley held at the time the conveyance was made and had the right to urge same. When he became a purchaser, the right to specially plead limitation as a muniment of title was a personal right that belonged to him. Article 5513, R. S.; Burton's Heirs v. Carroll, 96 Tex. 325, 72 S. W. 581; Long v. McCoy (Tex. Civ. App.) 294 S. W. 633; and other cases.

It is concluded that the trial court has correctly decided the case, and the judgment should in all things be affirmed.