**Richard E. McDANIEL et al., Appellants,**

v.

**F. G. CHERRY, Appellee.**

No. 7350.

Court of Civil Appeals of Texas.

Texarkana.

Jan. 9, 1962.

Rehearing Denied Jan. 30, 1962.

Richard E. McDaniel, McDaniel, Hunt & Fairchild, Center, for appellants.

G. R. Wellborn, J. N. Phenix, Law Office of Gordon R. Wellborn, Henderson, for appellee.

CHADICK, Chief Justice.

This is an action for declaratory judgment and alternatively in trespass to try title and for damages. The trial court instructed a verdict. Judgment that plaintiffs take nothing is affirmed.

The suit was filed by heirs of Mahaly Mann Nero, deceased, and such parties' vendees, as co-plaintiffs. These plaintiffs sought to establish title to an undivided interest in a 38 acre tract of land in the John Tomlinson Survey of Rusk County. They plead that the 38 acre tract was a part of a 46 acre tract acquired by Granville Nero and his first wife, Mahaly Nero, by a parol sale, and that F. G. Cherry as successor in title of Granville Nero and Ethel Moore was estopped by deed to deny the interest therein of Mahaly Nero's heirs at law.

Granville Nero's first marriage was to Mahaly Mann on December 17, 1885. There were born of this marriage the following children: Will Nero, Sally Lou Nero, C. Laud Nero and Sidney Nero. Mahaly Mann Nero, the first wife, died intestate on June 23, 1902. Will Nero, a son, died intestate on April 17, 1907; he was never married. Sally Lou Nero, a daughter, died intestate in 1940 survived by her daughters who are plaintiffs named as follows: Ada Johnson Pleasant, Connie B. Johnson Payne, and Lorene Brown Darden. C. Laud Nero, a son, died intestate without issue, leaving a surviving wife, Lillian Nero, who is not a party to this suit. Sidney Nero, a son, died December 13, 1955, and by a Will duly probated left his property to his son, Ilester Nero, a plaintiff.

Granville Nero's second marriage was to Ada Cato on December 11, 1902. There was one child, Ethel Nero, born of the marriage on September 30, 1903. Granville's second wife, Ada Cato Nero, died intestate in 1909.

Granville Nero's third marriage was consummated with Effie Menefee in 1910. Effie died intestate on February 14, 1934. Two sons, L. H. Nero and H. J. Nero, were born of that marriage. L. H. Nero is still living, but is not a party to the suit. H. J. Nero, a son, died intestate in 1953 survived by children who are not parties to this suit.

Granville Nero's fourth marriage was with Lucinda Nero, who died intestate prior to Granville Nero's death. No children were born of the marriage. Granville Nero died intestate in 1959.

A deed from W. W. Griffin and wife Ara Griffin to Granville Nero, dated May 18, 1903, conveying a 46 acre tract of land, a part of the John Tomlinson Survey, Rusk County, Texas, was introduced in evidence. The deed is dated at a time when Granville was married to his second wife, Ada, the mother of the only child of the second marriage, Ethel Moore. Thirty-eight acres out of this tract is the land in suit.

The following instruments were relied upon by the plaintiffs, the appellants here, as supporting the estoppel plead or placing the successors in title of Granville and Ethel Moore on notice of the title and interest in the 38 acres claimed by Mahaly Nero's heirs at law that are plaintiffs in the suit, to-wit:

(1) A Warranty Deed to G. A. Johnson signed by Granville Nero and his fourth wife, Lucinda Nero, Ethel Garrison, Granville Nero's child by his second marriage, and her husband, Jim Garrison, L. H. Nero, H. J. Nero, Sidney Nero, Conneil B. Mills and her husband Gus Mills, Ada Pleasant and her husband, Ellison Pleasant and Lorene Brown. This instrument conveyed a tract of eight acres out of the 46 acre tract. Those joining Granville Nero in the execution of the Deed were his children by his second and third marriages, and Sidney Nero, the only surviving child of Mahaly Nero at that date, together with all other heirs at law of Mahaly Nero except the surviving wife of C. Laud Nero. The deed recited that consideration was the sum of one dollar cash paid to each grantor by G. A. Johnson "and the further consideration that the said G. A. Johnson liquidate all State, County and Tatum Independent School taxes now delinquent on all lands owned by us in common, and said cash consideration to be included in said tax liquidation." The deed was recorded in the Deed Records of Rusk County on June 8, 1942;

(2) Two mineral leases, one dated July 1, 1954, signed by Granville Nero, the other dated August 13, 1954, signed by Sidney Nero, Connie B. Benjamin, a widow, Ethel Moore and husband, Ernest Moore. Each instrument purported to lease the 46 acre tract for oil and gas, excepting therefrom the eight acres previously sold to G. A. Johnson. The description of the land in the leases made reference to the Johnson deed and where it was recorded. Each instrument undertook to describe 38 acres of land. The granting clause in each lease conveyed the entire leasehold interest. Annual delay rentals of $21.38 and $11.38 respectively were stipulated. Each lease provided that in the calculation of rental payments the tract would be considered as comprising 38 acres; but also provided that in the event of failure of title, without impairment of the lessee's rights under the warranty, the rentals and royalties would be reduced to accord with the interest the grantors owned;

(3) A Warranty Deed dated May 23, 1956, from Granville Nero, Ethel Moore, and husband Ernest Moore, to F. G. Cherry, the appellant here, in which the 38 acre tract is described as the same land deeded to Granville Nero by W. W. Griffin May 18, 1903, the description ending with this language: "Except eight acres out of the Northwest corner of the forty-six acres sold to G. A. Johnson June 13, 1941 by Deed of record in Volume 372, page 124, leaving thirty-eight acres of land more or less." This deed was acknowledged by the grantors and placed of record.

Heirship is without question. The only child of Granville Nero and his second wife was the daughter named Ethel. This daughter appears in the deed to G. A. Johnson as Ethel Garrison, wife of Jim Garrison, and in the mineral leases and the deed to Cherry as Ethel Moore, wife of Ernest Moore. Jim Garrison was accidently killed in a sawmill mishap and Ethel thereafter married Ernest Moore.

The appellants primarily base their case on estoppel. The first theory is that the consideration recital in the deed to Johnson "that the said G. A. Johnson liquidate all

State, County and Tatum Independent School taxes, now delinquent, on all lands *owned by us in common*", etc., constituted an acknowledgment and recognition by Granville Nero and Ethel Garrison that their cograntors were tenants in common in the 46 acre tract, and that Cherry the grantee of Granville Nero and Ethel Garrison in the Warranty Deed of May 23, 1956, is estopped to aver otherwise. A concomitant theory is that joinder of the children and heirs at law of Granville Nero's three deceased wives as grantors in the Johnson deed constituted acknowledgment and recognition by Granville Nero that the heirs of the deceased wives were vested with an interest in the 46 acre tract out of which was carved the 8 acres conveyed to Johnson.

■ Williams v. Hardie (Corzin's heirs), 85 Tex. 499, 22 S.W. 399, holds the true basis of estoppel by deed to be in the concept that a party to a contract should not be permitted to take a position inconsistent with the contract's provisions, to the prejudice of the other contracting party. It seems therefore that the reason for the estoppel is to prevent the assertion by the contracting parties or their privies of any fact or title in derogation of the agreement made. Such conclusion is in harmony with the rule frequently stated in broad language that parties and privies to conveyances, such as these under consideration, are bound by the recital of fact contained in the instrument of conveyance, and are estopped to deny a transfer of title in accordance with the instrument's terms. Examination of such cases as Hardy v. DeLeon, 5 Tex. 211; Box v. Lawrence, 14 Tex. 545; Parker v. Campbell, 21 Tex. 763; Kimbro v. Hamilton, 28 Tex. 560, 561; Greene v. White, 137 Tex. 361, 153 S.W.2d 575, 136 A.L.R. 626; and Havard v. Smith, Tex.Civ.App., 13 S.W.2d 743, N.W.H., reveals that in instituting this last mentioned rule the courts used the term "parties" in the sense of grantor and grantee as principals in a contract with each other.

■ No appellant claims title by or through a grantee in either the Johnson deed or the mineral leases. If the conclusion reached above is correct that an agreement is the basis, the indispensable element of an estoppel by deed, the Johnson deed and the August 13 mineral lease must evidence a contract made by the co-grantors therein among themselves concerning their title to the 38 acres in suit; otherwise these instruments do not constitute an estoppel barring Cherry from asserting title derived from Granville Nero and Ethel Moore. The other mineral lease signed by Granville Nero alone is not pertinent to this particular inquiry. In pursuing the inquiry indicated a search of the two instruments reveals no agreement of any nature made by one or more co-grantors with one or more of the other co-grantors. The only agreement expressed or implied in either instrument is the agreement the grantors on the one hand made with the grantees on the other.

■ The requirement in the Johnson deed obligating Johnson to pay taxes on "lands owned by us in common" neither expressly nor impliedly constitutes an agreement among the co-grantors that the tract from which the Johnson deed acreage was to be carved belonged in common to the co-grantors. It is well to note at this point that the record contains evidence that title to a tract not involved in this suit and in the record known as the Granville Nero "homeplace", acquired during the marriage of Granville Nero to Mahaly, was in Granville Nero, but by inheritance each of the other co-grantors held some interest therein.

While it is entirely possible that Granville Nero and Ethel Moore believed at the time of execution of the Johnson Deed that their co-grantors therein, the children and heirs of the first wife, Mahaly Nero, and the children of the third wife, Effie Nero, had some interest in the land conveyed, no language is used in the conveyance expressly or impliedly evidencing an agree-

ment between them that right, title or ownership was so vested.

■ No case has been cited holding co-grantors conclusively bound as to each other by recitals in a deed in the absence of some character of agreement between the co-grantors. This absence of precedent and inability to perceive a good reason therefor leaves this court unwilling to say as a matter of law that the simple act of joining in making a deed is an admission by the co-grantors that each has some right, title or interest in the land conveyed, or in cases such as this, that each of the co-grantors has an interest in the land that remains after a part is conveyed. It is a common practice, when the facts of ownership are difficult to ascertain, that all persons having an interest or who might possibly have an interest, be joined as co-grantors in a conveyance so that the grantee may be protected in his title regardless of ownership when the facts are finally settled. It is not in the public interest to hold that simple joinder as a co-grantor in a deed imports a recognition of a title or interest in other co-grantors, in the absence of an agreement in that respect.

■ Having reached the conclusion that the instruments relied upon do not show a contract between the co-grantors in the Johnson deed and the lease dated August 13, it follows that there is no basis for estopping Cherry from asserting title to the exclusion of the children and heirs of Mahaly Nero. From a very early date the courts of this State have held that a recital in a deed constitutes an estoppel only in a suit founded upon the instrument which contains the recital, or growing out of the transaction in which it is given. See Williams v. Chandler, 25 Tex. 4 at p. 11. The deed and lease discussed are not the source of title to the 38 acres claimed by any party to this suit. The instruments are not the foundation of the cause of action asserted, and are relevant only as a collateral transaction.

Next for consideration is the contention of the appellants that a fact issue was raised which should have been submitted for jury determination. The theory is that Cherry, as successor in title of Granville Nero and Ethel Moore, was visited with notice of the appellants' claim to an interest in the 38 acre tract by the recitals in the several instruments and by joinder of some of the children and heirs at law of Mahaly Nero in one of the mineral leases and the Johnson deed, and that an investigation by Cherry would have disclosed the existence of the interest the appellants claim. The appellants urged application of the rule from 43 Tex.Jur. 647, Sec. 343, quoted in Tuggle v. Cooke, Tex.Civ.App., 277 S.W.2d 729, n. r. e., as follows: " * * * the purchaser is charged with knowledge of any equity or interest of a third person which is disclosed or recognized by a conveyance through which he claims, as well as notice of any fact recited or revealed in such conveyance, in the certificate of acknowledgment, or in another instrument to which the conveyance refers. And when a fact is recited which is sufficient to put a prudent man on inquiry, the purchaser is charged with notice of facts which might have been ascertained by a proper inquiry."

■ It is thought, however, that it is not necessary to determine the question of notice because the record does not disclose that by making inquiry Cherry would have discovered appellants claimed equity in the 38 acres. The appellants' claim is that the 46 acre tract of which the 38 acres in suit is a part was acquired by Granville Nero by parol sale during the period of time that Granville Nero was married to their mother, Mahaly Nero, and therefore is a part of the estate of Mahaly Nero which passed to her heirs at her death. The record contains no proof of a parol sale, nor is there evidence of facts essential to the establishment of an enforceable parol sale of land. The record's silence on such factors as payment of consideration, pos-

session and making valuable and permanent improvements by the vendee, as discussed in Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216, pretermits any issue of fact in this respect.

In addition to what has been said, Cherry as the vendee of Granville Nero and Ethel Moore was entitled to rely on the statute of frauds as a bar to appellants' claim that an interest vested in Mahaly Nero by a parol sale of the land involved to Granville Nero. Franzetti v. Franzetti, Tex.Civ.App., 124 S.W.2d 195, err. ref.; 26 Tex.Juris.2d 206, Sec. 42. The record as it stands does not raise a fact issue on the question that an investigation by Cherry would or should have revealed that a parol sale of the tract was made to Granville Nero during the time of his marriage to Mahaly and prior to the date of his deed. Nor is there a question of fact raised by the joinder of the several co-grantees in the Johnson Deed. It has been held that a deed by co-grantors is not proof of title in one grantor that will support a judgment of title in him in a suit against other co-grantors and their privies. Ford v. Anderson, Tex.Civ.App., 83 S.W.2d 443, err. dism. The presence or absence of notice to Cherry is not decisive of any question because of this hiatus in proof.

Appellants' other points deal with the admission of evidence. The court sustained an objection when a witness was asked if Granville Nero ever denied that Sidney Nero, a son of Granville and Mahaly Nero, had an interest in the 46 acre tract. The question propounded was not limited to the time before the sale to Cherry, nor to a time after the sale when Cherry was present. Verbal declarations of a grantor in a Warranty Deed to land made after he has parted with title and possession, and outside the presence of vendee cannot be received in evidence to defeat the title of the vendee to the property conveyed. Thompson v. Herring, 27 Tex. 282; Hinson v. Walker, 65 Tex. 103; Simonds v. Stanolind Oil & Gas Co., 134 Tex. 332, 114 S.W.2d 226, 136 S.W.2d 207. The answer to the question propounded was properly excluded.

A witness was asked whether or not there was a reputation in the community that Granville Nero acquired an interest in the land before the termination of his first marriage. Objection was sustained and no answer permitted to the question. Courts have long permitted the introduction of testimony to show by reputation the identity of persons claiming land and its possession. However, the question propounded was to ascertain the time of acquisition of an interest by Granville Nero, the question pre-supposing title in him, rather than whether he was claiming an interest therein during the time of his marriage to Mahaly Nero. An answer to the question asked would violate the hearsay rule.

The appellants' several points of error have been given careful consideration and are respectively overruled. In the opinion delivered in this case December 5, 1961 several inadvertent errors appeared. Since correction became necessary an effort has been made to state the reasons for the court's views in more detail. The opinion dated December 5, 1961 is withdrawn and this substituted for it. Appellants may if they desire file a second motion for rehearing herein.

The judgment of the trial court is affirmed.