W. L. FULLER, Appellant,

v.

T. H. NEEL and Henry B. Allen, Jr., Co-Receivers, Appellees.

No. 6456.

Court of Civil Appeals of Texas, El Paso.

March 17, 1976.

Rehearing Denied April 14, 1976.

Turpin, Smith & Dyer, Irby L. Dyer, Midland, for appellant.

L. Holt Magee, Monahans, Bullock & Scott, Maurice R. Bullock, Russell W. Neisig, Midland, for appellees.

## OPINION

PRESLAR, Chief Justice.

This suit was brought to cancel a deed given by the trustee of the owners while the property was in a receivership. The Co-Receivers brought suit against the grantee under the deed. Both parties moved for a summary judgment and the trial Court denied the summary judgment of the owner-Defendant, and granted that of the Receivers and declared the deed void.

Questions on appeal involve the validity of a deed given while the property was in a receivership and estoppel by deed.

In 1946, the heirs of Charles E. Nichols brought suit asking that the numerous tracts of land involved in his estate be placed in receivership on the grounds that the property was incapable of division in kind and that it was in need of management. The property was placed in receivership and one O. P. Jensen was named Receiver. In 1948, the same heirs executed a Trust Deed covering the same properties as in the receivership and named O. P. Jensen as Trustee and T. H. Neel as Successor Trustee. This Trust Deed placed "absolute title" in the Trustee, and the Trustee was expressly empowered to sell the property for such sums and upon such terms as to him may seem best. O. P. Jensen died in 1957; in 1958, his successor, T. H. Neel, sold one-half of the minerals under certain tracts to W. L. Fuller, executing the deed as "Receiver-Trustee" with detailed recitations as to his authority in both capacities. Neel was, at the time, Trustee under the Trust Deed, but he was not a Receiver— there being none at that time. Neel and another were appointed Co-Receivers in 1969 and in 1972 they brought suit to set aside the deed to Fuller contending that it was void because of the pending receivership.

Appellant urges, and Appellee agrees, that a sale and conveyance of interest in land during the pendency of a suit by a party thereto is not void. *Rippetoe v. Dwyer,* 65 Tex. 703 (1886); *Wortham v. Boyd,* 66 Tex. 401, 1 S.W. 109 (1886); *Mayes v. Rust,* 42 Tex.Civ.App. 423, 94 S.W. 110 (1906, writ ref'd); *Rosborough v. Cook,* 108 Tex. 364, 194 S.W. 131 (1917); *Haltom v. McKinley,* 64 S.W.2d 1060 (Tex.Civ.App.— Texarkana 1933). No Texas case has been found contrary to this rule. As to receivership, the American law on this question is summarized as follows:

"The general rule is that the appointment of a receiver does not in itself operate to change any title, right, or interest, or to vest any title or estate in the receiver; on the contrary, the title to the property in receivership continues in the defendant, debtor, insolvent, or other person whose property is in receivership, until he is divested of it by a receiver's sale, or act of his own. * * *" 65 Am. Jur.2d, Receivers, Sec. 160 at 984.

The effect of a receivership in Texas is summarized as follows:

"A receivership does not destroy vested rights, or determine any right as between the parties. Since a receivership does not vest the receiver with title to the proper-

ty in his control, it does not preclude the owner from encumbering the property, or contracting with reference to it, subject to the receivership, in any other way." 49 Tex.Jur.2d, Receivers, Sec. 11.

In *Lauraine v. Masterson,* a writ ref'd case, it was held that the owners of property in the hands of a receiver could give a lien on it against any interest the owners had left in the property after payment of all prior claims allowed in the receivership. 193 S.W. 708 (Tex.Civ.App.—Galveston 1917, writ ref'd). In the case of *United States & Mexican Trust Co. v. Delaware Western Construction Co.,* 112 S.W. 447 (Tex.Civ.App.1908), it was held that a railroad, while under a receivership, could further encumber its property subject to the priority of the debts for which it was in receivership. In the case before us, the owners of the land executed their deed to the Trustee, Neel; he, in turn, sold the property to the Appellant, Fuller; both deeds were given during the pendency of the receivership. Appellant, Fuller, has intervened in the receivership proceedings and subjected his interest to the outcome of that case. The trial Court erred in holding the deed to Fuller void.

There is a great body of Texas law that protects property in the custody of the court under receivership from interference by process issuing out of another court or foreclosure of prior liens. An early such case is *Ellis v. Vernon Ice, Light & Water Co.,* 86 Tex. 109, 23 S.W. 858 (1893), and the latest such case by our Supreme Court is *First Southern Properties, Inc. v. Vice Vallone, Receiver,* Tex., 533 S.W.2d 339, 19 Tex.Sup.Ct.J. 154 (1976). These lien foreclosure cases, and cases involving interference by one court in the receivership of another, have no application to the case before us. They involve interference in the receivership—and that from an outside source. Our case is a sale by the property owner during a receivership with the sale not interfering with the receivership, but rather subject to it.

Appellees rely on language from the *First Southern Properties* case and the lien fore-closure case of *King Land and Cattle Corporation v. Fikes,* 414 S.W.2d 521 (Tex.Civ. App.—Fort Worth 1967, writ ref'd n. r. e.). The *First Southern Properties* case, supra, was also a lien foreclosure case. In that case a receiver was appointed for numerous tracts of land owned by a divorcing couple. One tract was under a deed of trust lien, and when the note became past due, the trustee foreclosed and sold the property. The Trustee's Deed was held to be void because the property was in custodia legis by reason of the receivership. Unfortunately, the Supreme Court in the *First Southern Properties, Inc.* case, used broad language, as did the *King Land and Cattle Corporation* case, saying, "No one has the authority, even under a prior deed of trust or execution, to sell property held in custodia legis by a duly appointed receiver, unless the sale is authorized by the court in which the receivership is pending." The Court then cites *Ellis,* supra, and a host of other foreclosure cases for the proposition. We do not consider this broad language by the Court in the *King Land and Cattle Corporation* case, or the Supreme Court, as construing the law to be that all sales by anyone other than the receiver are void. In both cases the statement is dicta, for in each case the Court was passing on the matter of interference by a third party in foreclosing a lien. Also, in the *First Southern Properties* case, the Supreme Court went on to say later in its opinion, "Furthermore, a receivership destroys no prior vested right, nor does it determine any right as between the parties by reason of an existing contract. *Ex Parte Britton,* 127 Tex. 85, 92 S.W.2d 224 (1936). The enforcement of a third party's liens or other rights are merely suspended until their enforcement is approved by the court having custody of the property." We are convinced that had the Supreme Court intended its broad language to overrule the many cases allowing conveyances pendente lite, it would have said so specifically.

■ For his second point, Appellant, Fuller, asserts that the trial Court erred in holding the December 5, 1958, deed to him

void, because he holds title under the 1948 deed from the Nichols heirs to his grantor, Neel, and the Nichols heirs are estopped to deny the title and rights vested in him by such deed. By the 1948 deed, the Nichols heirs placed full title in the Trustee and authorized him to convey the property; he conveyed the property to Appellant, Fuller, received payment in full, and that payment was later distributed through the receivership. Clearly, the Nichols heirs are now estopped to deny the transfer of the title according to the terms of their deed to their Trustee. The following cases on estoppel by deed are in point: *Millican v. McNeil,* 102 Tex. 189, 114 S.W. 106 (1908); *Cope v. Blount,* 99 Tex. 431, 90 S.W. 868 (1906); *Williams v. Hardie (Courzine's Heirs),* 85 Tex. 499, 22 S.W. 399 (1893); *McDaniel v. Cherry,* 353 S.W.2d 280 (Tex.Civ.App.—Texarkana 1962, writ ref'd n. r. e.). Clearly, Fuller had title to the property under his deed from the Trustee, Neel.

In his capacity as Trustee, Neel gave a valid deed and there is no basis for the Court declaring it void and of no force and effect. This was not a trespass to try title suit. Appellees, as Receivers, brought this suit to have only one deed declared void—the deed from the Trustee-Neel, to Fuller. There has been no attack made on the deed from the Nichols heirs to their Trustee. That deed remains valid and outstanding. Fuller holds under it. The Nichols heirs have not repudiated it or the power which they placed in their Trustee. We hold that the 1958 deed from Trustee-Neel to Fuller is valid, but subject to the pending receivership, Cause No. 6048, in which Fuller has intervened.

The judgment of the trial Court is reversed and judgment is here rendered that Appellees take nothing by their suit.

OSBORN, J., not sitting.